503 P.2d 384

John H. DENBO and Elaine Denbo, husband and wife, Appellants,

v.

John BADGER, Jane Doe Badger, John Badger Realty, Inc., Robert F. Dielman, Jane Doe Dielman, Marvin Brown and Ruth Brown, Appellees.

No. 2 CA–CIV 1228.

Court of Appeals of Arizona, Division 2.

Nov. 21, 1972.

Rehearing Denied Dec. 15, 1972.

Review Denied Jan. 9, 1973.

Lillian S. Fisher, Tucson, for appellants.

Merchant, Lohse & Bloom by Cliffton E. Bloom, Tucson, for appellees Badger, Dielman and Badger Realty, Inc.

Schorr, Karp, Hillock & Corey, P. C. by Marvin D. Karp and Barry M. Corey, Tucson, for appellees Brown.

HOWARD, Judge.

An action was brought in contract for specific performance against the owners of certain real property, and for damages for misrepresentation against the real estate broker and his salesman representing them. Plaintiffs appeal from orders dismissing their complaint for failure to state a claim for relief.

Defendants Badger and Dielman moved to dismiss and a separate order was granted as to them. Plaintiffs stood on the allegations of their complaint in resisting the motion and did not move to amend. A similar motion to dismiss was made by the defendants Brown under the authority of Arizona Revised Statutes, § 44–101, Statute of Frauds, and this motion was likewise granted.

It is well established that in deciding a motion to dismiss, all the material allegations of the complaint are taken as true. Lakin Cattle Company v. Engelthaler, 101 Ariz. 282, 419 P.2d 66 (1966). "In reviewing a ruling on such motion, an appellate court likewise must accept the well-pleaded facts of the complaint as true." Industrial Commission v. Superior Court, 5 Ariz.App. 100, 423 P.2d 375 (1967).

Count One of the complaint in question alleged in pertinent part that the owners of 40 acres of real property located in Pima County, Arizona authorized John Badger Realty, Inc. to act for and in their behalf for the sale of the realty, and that Badger's salesman, Dielman, told plaintiffs that the property was being offered in parcels of five acres or more, but that the owners would not sell the individual parcels until the entire 40-acre parcel was sold. Plaintiffs alleged that they accepted an offer of sale, for which they paid earnest money, but that upon the sale of the balance of the 40 acres, defendant-owners Brown refused to convey the five acres in question to them at the price originally offered, but would convey for a higher price.

Exhibit "A" attached to the complaint was an undated printed form entitled "Deposit Receipt and Sales Agreement," signed only by Badger's salesman. Among the terms and conditions of sale were the following pertinent provisions:

". . . real property . . . which the undersigned as broker of the seller has this day sold to the above named purchaser, subject to acceptance by the seller, . . ."

\* \* \* \* \* \*

"If this offer is not accepted by the seller within the time specified below, the earnest money shall be returned to the purchaser forthwith. This sale shall close on or before 45 days from date of acceptance by seller; . . ."

\* \* \* \* \* \*

". . . Broker is hereby given 10 days to obtain the seller's acceptance hereof during which period this offer is irrevocable and upon such acceptance this instrument becomes a binding contract."

There was no allegation in the complaint that the sellers accepted the offer or signed the Deposit Receipt and Sales Agreement. Since the Deposit Receipt was attached to the complaint, it is a part thereof for all purposes. Rule 10(c), Ariz.R.Civ.P., 16 A.R.S. The pleaded exhibit, coupled with the allegations of Count One, demonstrate that no contract for the sale of land was ever entered into between the plaintiffs and the sellers. "It is elementary that before there can be a binding contract there must be mutual consent of the parties to the terms thereof." Heywood v. Ziol, 91 Ariz. 309, 372 P.2d 200.

(1962). Since there was no valid binding contract between the plaintiffs and sellers, the requested equitable remedy of specific performance is not applicable. Shreeve v. Greer, 65 Ariz. 35, 173 P.2d 641 (1946), and we therefore affirm the dismissal of Count One of the complaint as to all the defendants.

, The thrust of Counts Two and Three is a claim sounding in fraud against John Badger Realty, Inc. and its agent Dielman, for the representation that they were authorized to offer certain property for sale at a particular price, knowing that the property was not for sale at that price; that in reliance on the misrepresentation that the subject property would be sold to them at a future time at a certain price, plaintiffs deposited earnest money with the defendant real estate firm and in further reliance did not seek other property; and that plaintiffs have been damaged because they are now unable to duplicate the subject property due to the rising cost of real estate.

 These defendants contend, however, that Counts Two and Three of the complaint cannot withstand the motion to dismiss, not only because they fail to state a legal claim for relief, but also because the nine essential elements of actionable fraud do not appear in the complaint as required by Waddell v. White, 56 Ariz. 420, 108 P.2d 565 (1940). Defendants are correct in asserting that there can be no actionable fraud in this jurisdiction without a concurrence of all the elements thereof. *See* Nielson v. Flashberg, 101 Ariz. 335, 419 P.2d 514 (1966), and cases cited therein. In pleading such fraud, however, no particular language is necessary, as long as the elements constituting fraud may be found in considering the complaint as a whole. Waddell v. White, supra; 37 C.J. S. Fraud § 81 (1943). Our courts have further held that a pleading alleging fraud is not fatally defective for failure to affirmatively allege the essential element of a right to rely, for whether a party had a right to rely on representations as true or not is to be determined from the very facts alleged. Jamison v. Southern States Life Insurance Company, 3 Ariz.App. 131, 412 P.2d 306 (1966); Wood v. Ford, 50 Ariz. 356, 72 P.2d 423 (1937).

 The general and majority rule is that in order for a representation to constitute the basis for actionable fraud, it must relate to a present or pre-existing fact, and cannot be predicated on unfulfilled promises or statements as to future events. 51 A.L.R. 46 (1927). *See also,* Law v. Sidney, 47 Ariz. 1, 53 P.2d 64 (1936). Likewise, actionable fraud may arise where the representation is that of a third person's intention or state of mind as to a future act, but only where all the elements of fraud are present. 37 Am.Jur.2d Fraud and Deceit § 67 (1968); 40 A.L.R.2d 971 (1955). A primary reason given for the rule not permitting predication of fraud on promises which are not subsequently kept is that a promise to perform in the future is not a representation which can be shown to be true or false at the time it was made, and therefore a person has no right to rely, in a legal sense, on a representation of a fact not in existence. 37 Am.Jur.2d Fraud and Deceit § 61 (1968).

 A well established exception to the above general rule relates to promises made without a present intention to perform. Berry v. Robotka, 9 Ariz.App. 461, 453 P.2d 972 (1969). The gist of fraud in these instances is the false representation of an existing intention to perform where such intent is in fact nonexistent. 37 Am. Jur.2d Fraud and Deceit § 68 (1968). This exception, however, does not apply under the facts as pleaded in the complaint and exhibit *sub judice.*

 Although the Denbos made no affirmative allegation of a right to rely on certain statements made by John Badger's salesman, even a liberal application of the principles concerning the pleading of fraud must lead to the conclusion that the plaintiffs, as a matter of law, had no right to rely on a statement as to an event which might take place in the future, to wit, that

the property in question would be sold to them by the Browns. The exhibit appended to the complaint reflected that there would be no sale without acceptance by the seller. The face of the complaint therefore established that the Denbos had no right to rely on any representation concerning the Browns' intention to sell. Since absence of the requisite element of a right to rely is fatal, it was appropriate to dismiss the complaint. The separate orders dismissing the complaint as to all defendants are therefore affirmed.

HATHAWAY, J., and J. RICHARD HANNAH, Superior Court Judge, concur.

NOTE: Judge HERBERT F. KRUCKER having requested that he be relieved from consideration of this matter, Judge J. RICHARD HANNAH was called to sit in his stead and participate in the determination of this decision.