535 P.2d 1302

Gerald HUBBARD and Rita Hubbard, his wife, Petitioners,

v.

SUPERIOR COURT OF MARICOPA COUNTY and Marilyn A. Riddel, Judge thereof, AMERICAN ALLIANCE LIFE INSURANCE COMPANY, an Arizona Corporation, Arthur Herzberg, Gerald Barnes, Security National Life Insurance Company, a Utah Corporation, and Ben Brooks & Associates, Inc., real parties in interest, Respondents.

No. 11773.

Supreme Court of Arizona, In Banc.

June 2, 1975.

Burch, Cracchiolo, Levie Guyer & Weyl, by Daniel Cracchiolo, Phoenix, for petitioners.

Norling, Rolle, King & Oeser, by George S. Livermore, Cox & Cox, by Alfred S. Cox, Phoenix, for respondents American Alliance Life Ins. Co. and Security Nat. Life Ins. Co.

Berry & Herrick, by Richard Berry, Tempe, for respondent Barnes & Herzberg.

Murphy, Posner & Franks, by John K. Skomp, Phoenix, for respondent Ben Brooks & Associates, Inc.

PER CURIAM.

Petitioners commenced a civil action in the Superior Court of Maricopa County alleging they were fraudulently induced to convey real property. In Count One of their complaint they sought rescission of a deed based on fraud. In Count Two they sought punitive damages against certain of the defendants. The Superior Court ordered the claim for punitive damages stricken. This special action seeks to restore petitioners' claim for punitive damages. The issue is whether petitioners can have both a rescission and punitive damages.

Punitive damages may be recovered in Arizona in an equitable action where actual damages are proved. Starkovich v. Noye, 111 Ariz. 347, 529 P.2d 698 (1974). However, a party who has been defrauded is put to an election of remedies. He may either affirm the contract and sue for damages or rescind the contract and return the parties to the status quo ante. He cannot do both. Jennings v. Lee, 105 Ariz. 167, 461 P.2d 161 (1969). It is settled in Arizona that actual damages must be established as a predicate for recovery of punitive damages. Craviolini v. Scholer and Fuller, etc., 101 Ariz. 33, 415 P.2d 456 (1956); Jacob v. Miner, 67 Ariz. 109, 191 P.2d 734 (1948). We are not convinced that we should depart from the holdings of our former decisions.

Petitioners' prayer for relief is denied.