591 P.2d 1005

**Edwin K. PARKS III, a single man, Plaintiff-Appellant,**

v.

**MACRO–DYNAMICS, INC., a corporation, Eugene S. Simpson, Howard O. Wiscombe, J. Murray Rawson and Gerald Elwell, Defendants-Appellees.**

**No. 2 CA–CIV 2924.**

Court of Appeals of Arizona, Division 2.

Feb. 22, 1979.

Roy G. Spece, Jr., Tucson, for plaintiff-appellant.

Eugene "S" Simpson and J. Murray Rawson, defendants-appellees in pro. per.

Douglas P. Simpson, Salt Lake City, Utah, for defendants-appellees.

## OPINION

HATHAWAY, Judge.

This is an appeal from a judgment dismissing appellant's amended complaint for failure to state a claim upon which relief can be granted and for want of personal jurisdiction over the corporate defendant and its directors. Because of the judgment, appellant's motion for leave to amend the complaint and to vacate protective orders prohibiting discovery were deemed moot.

Appellant's complaint, the gravamen of which is fraud, both common law and statutory under A.R.S. Sec. 44–1522, alleges that in advertisements and in meetings with appellant, appellees knowingly and materially misrepresented themselves as a venture capital firm without intending to provide venture capital, and that appellant detrimentally relied on these representations without knowledge of their falsity. It names as defendants, inter alia, a foreign corporation, its original incorporators and current directors, and a former "survey engineer."

A Rule 12(b) motion to dismiss for failure to state a claim, which assumes the complaint's allegations are true, attacks the legal sufficiency of the complaint. *Hatch v. Double Circle Ranch,* 22 Ariz.App. 124, 524 P.2d 958 (1974); F. James and G. Hazard, Civil Procedure, Sec. 4.3 (2nd ed. 1977). If matters outside the complaint are presented to and not excluded by the court, the motion is one for summary judgment, provided

all parties are given a reasonable opportunity to present their factual claims to the court. *Davidson v. All State Materials Co.,* 101 Ariz. 375, 419 P.2d 732 (1966); Rule 12(b), Rules of Civil Procedure, 16 A.R.S. The motion to dismiss, referring to appellant's deposition, adds to the complaint's allegations the undisputed facts that the parties formed a contract for venture capital and appellant paid an advance fee. Thereafter, appellee "survey engineer" informed appellant of the advance loan fee scheme and tendered in full appellant's advance fee. Appellant accepted the tender, wrote "void" across the face of the contract, and dated and signed the cancelled instrument. The protective orders prohibiting discovery did not affect appellant's ability to present his position as to rescission because he knew all of the material facts. We therefore regard the motion as one for summary judgment based on the allegations of the complaint as supplemented by the motion to dismiss.

■ The first justification for the trial court's judgment is that the complaint failed to state a claim upon which relief can be granted. Allegations of fraud must be stated with particularity. Rule 9(b), Rules of Civil Procedure, 16 A.R.S. No formal language is necessary, so long as all the elements of fraud are found in the complaint as a whole. *Denbo v. Badger,* 18 Ariz.App. 426, 503 P.2d 384 (1972).

■ The elements of common law fraud are a material, false representation, scienter, the fraudfeasor's intent to induce reliance upon the misrepresentation, the fraud victim's ignorance of its falsity, his actual, reasonable reliance, and his consequent and proximate injury. *Nielson v. Flashberg,* 101 Ariz. 335, 419 P.2d 514 (1966). The complaint expressly alleges all the elements except the reasonableness of reliance. The right to rely need not be affirmatively pleaded, however, so long as the averment showed the reliance was reasonable. *Denbo,* supra.

■ The complaint as supplemented by the facts included in the motion to dismiss

alleged appellees contracted to supply venture capital to appellant without intending to supply it. A fraud claim can be based on a promise to perform future acts with a present intention not to perform, *Employer's Liability Assurance Corp. v. Lunt,* 82 Ariz. 320, 313 P.2d 393 (1957), but the conclusory allegations are insufficient to show that appellant's reliance was reasonable. See generally, Restatement (Second) of Torts, Sec. 544, Comment c, Illustration 1 (1977). The pleading, therefore was defective.

■ Appellant timely filed a motion for leave to amend the complaint. Discretionary amendments to pleadings should be liberally granted. *Cathemer v. Hunter,* 27 Ariz.App. 780, 558 P.2d 975 (1976). It is an abuse of discretion to deny a motion for leave to amend without reason. *Foman v. Davis,* 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962). This is especially true when Rule 9(b) is violated. 5 Wright & Miller, § 1300 (1969). If leave to amend were granted, no prejudice would result to appellees nor would the amended complaint be legally insufficient on its face. See generally, 6 Wright & Miller, § 1487. Since there was no reason for denying the motion, the trial court abused its discretion by denying appellant leave to amend his complaint.

■ As for the claim for statutory fraud, Sec. 1522 applies to specified unlawful practices in connection with the sale or advertisement of any merchandise. "Merchandise" is defined to include services such as were promised to appellant. A.R.S. Sec. 44–1521(3). The elements of a private cause of action for statutory fraud are a false promise or misrepresentation made in connection with the sale or advertisement of merchandise and the hearer's consequent and proximate injury. See *Sellinger v. Freeway Mobile Homes Sales, Inc.,* 110 Ariz. 573, 521 P.2d 1119 (1974); A.R.S. Sec. 44–1522. For the false advertisement to cause the injury, the hearer must actually rely on the advertisement; unlike common law fraud, this reliance need not be reasonable. *Peery v. Hansen,* 120 Ariz. 266, 585 P.2d 574 (App.1978). The complaint alleges

all of these elements and therefore is legally sufficient.

The second justification for the trial court's judgment is that appellant elected the remedy of rescission. In an action for common law fraud, the victim must elect to rescind the contract or sue for damages. *Hubbard v. Superior Court of Maricopa County,* 111 Ariz. 585, 535 P.2d 1302 (1975); *Beauchamp v. Wilson,* 21 Ariz. App. 14, 515 P.2d 41 (1973). We believe there is a material issue of fact as to whether appellant elected to rescind the contract.

Although rescission at law occurs prior to commencement of legal proceedings, D. Dobbs, Remedies, Sec. 4.8 (1973), whether by accepting the tender and by cancelling the instrument appellant intended to rescind is a question of fact. *Abdallah, Inc. v. Martin,* 242 Minn. 416, 65 N.W.2d 641 (1954). Unlike the common case of rescission at law, where the fraud victim unambiguously declares his intention to avoid the transaction and tenders benefits received under the contract, in this case the fraudfeasor acted first by returning the advance fee. The fraudfeasor is without power to avoid the transaction. If appellant adopted appellees' intention to rescind, a rescission at law occurred. But if appellant merely affirmed his right not to perform under the contract and attempted to mitigate damages by accepting the returned consideration, no rescission occurred. 5A Corbin on Contracts, § 1237 (1962).

Rescission at law is an election of remedies. *Dobbs,* supra, Sec. 1.5. If rescission occurred, the election precludes claims for the benefit of the bargain and for punitive damages. *Hubbard v. Superior Court,* supra. Appellant is, however, entitled to full restoration and not merely restitution of consideration. *Jennings v. Lee,* 105 Ariz. 167, 461 P.2d 161 (1969). He alleges out-of-pocket expenses necessary to perform the contract prior to discovering the fraud. Such expenses, if proven with sufficient certainty, are recoverable.

As for the statutory fraud claim for relief, although A.R.S. Sec. 44–1522 imposes liability regardless of damages, a private action based on A.R.S. Sec. 44–1533 requires damages. *Sellinger v. Freeway Mobile Home Sales, Inc.,* supra. Regardless of whether appellant elected to rescind, he has a claim for relief because we believe damages in this context include out-of-pocket expenses compensable under *Jennings.* Appellant alleged out-of-pocket expenses caused by conduct prohibited by A.R.S. Sec. 44–1522. Furthermore, he may claim punitive damages for appellees' deceptive practices. *Sellinger,* supra.

The third justification for the trial court's judgment is that the court lacked personal jurisdiction over the corporation and over its directors. To have jurisdiction, appellees must have caused an event to occur in Arizona out of which the claim that is the subject of the action arose and the exercise of jurisdiction must be consistent with due process. *Manufacturers Lease Plans, Inc. v. Alverson Draughon College,* 115 Ariz. 358, 565 P.2d 864 (1977); Rule 4(e)(2), Rules of Civil Procedure, 16 A.R.S.

The complaint as supplemented by the facts included in the motion to dismiss alleged that appellant and appellees through their agents entered into a contract in Arizona. Since the contract is the subject of this action, the "event" test is met. As for the foreign corporation, entering into a contract within Arizona is sufficient contact to permit the Arizona courts to exercise jurisdiction over it. *McGee v. International Life Ins. Co.,* 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223 (1957); *Manufacturers Lease Plans, Inc.,* supra. As for the corporate directors, when the corporate entity is used to perpetrate fraud, it is disregarded and the directors are personally responsible for the fraud. See *Powder Horn Nursery, Inc. v. Soil & Plant Laboratory, Inc.,* 20 Ariz.App. 517, 514 P.2d 270 (1973). Appellant has made the prima facie showing that the corporation was used to perpetrate fraud that is required to avoid a motion to dismiss for lack of personal jurisdiction. See *Data Disc, Inc. v. Systems Technology Assoc., Inc.,* 557 F.2d 1280 (9th Cir. 1977).

The judgment is reversed and the cause remanded for further proceedings not inconsistent with this opinion.

RICHMOND, C. J., concurring.

HOWARD, Judge, specially concurring.

I concur in the result but for the reasons stated in my concurring opinion in *Peery v. Hansen,* supra, I do not agree that the Consumer Fraud Act creates a private claim for relief.