727 P.2d 326

**Judith M. LANDIN, a single person, Plaintiff/Appellant,**

v.

**Robert A. FORD and Geraldine Ford, husband and wife; Minnesota Title Company, an Arizona corporation, Defendants/Appellees.**

**No. 2 CA–CIV 5400.**

Court of Appeals of Arizona, Division 2, Department A.

Nov. 7, 1985.

Law Offices of Gregory D. D'Antonio by Patricia A. Ihnat and James J. D'Antonio, Tucson, for plaintiff/appellant.

King & Frisch, P.C. by James C. Frisch, Tucson, for defendants/appellees Ford.

Waterfall, Economidis, Hanshaw & Villamana, P.C. by Steven M. Cox, Tucson, for defendant/appellee Minnesota Title.

FERNANDEZ, Judge.

Appellant Landin has appealed the dismissal of her complaint against appellees Ford for breach of contract, statutory rescission of the purchase agreement, common law rescission because of misrepresentation, fraud, and negligent misrepresentation. She also sued appellee Minnesota Title for negligence, breach of contract and breach of fiduciary duty. At the time of trial Landin chose to pursue only the two rescission claims against the Fords and the breach of contract claim against Minnesota Title. We affirm the judgment in favor of

the Fords and reverse the dismissal of her claim against Minnesota Title.

In October 1978 Landin briefly viewed the Fords' property before returning to her home in Indiana. After receiving pictures of the inside of the house from her real estate agent, Landin offered to buy the property, and the Fords accepted her offer. The offer was contingent upon her inspection of the property prior to November 6. On November 4 Landin returned to the property and walked most of the boundaries with Robert Ford who pointed out the pins denoting the corners. After a brief discussion about adding mobile home units (in addition to the Fords' house there were three rental mobile homes on the property), Landin signed off the contingency, and the contract became binding.

Landin testified that Ford had told her the property was just under an acre in size. Ford testified he had told her it was only half an acre, and the trial court found his testimony to be true. The listing on the property had stated only that it was an "irregular-large" size. After a survey in 1984 the property was determined to be .57 acre. The title company, which created the legal description for the property by subtracting the descriptions in subsequent deeds from the initial conveyance to Ford, incorrectly described the property. Its description covered over three acres of land. The title company admitted its error throughout the lawsuit.

Landin was told by the Fords at the time she inspected the property that she could not add mobile home rental units to the property because of county regulations governing septic tanks. She contends she only intended to buy the property if she could add units; otherwise her income would be insufficient to support her. The inability to expand the rental units is Landin's primary dissatisfaction with the property purchase.

In January 1979 Robert Ford had given Landin a map [1] covering her property and the surrounding area. In 1969 Ford and the assistant pastor of his church, Harold Marconda, had purchased a large area of land with the intent to subdivide it and share the profits from its resale. When Marconda learned it would take six months and a large amount of money to complete the subdivision process, they decided merely to sell pieces of the property. Since the original conveyance had been to Marconda alone, he deeded a portion of the property to Ford. Between June and November 1970 Marconda deeded all the property in five separate transactions, including the one to Ford. One of those transactions listed Ford as the grantor, but the testimony indicated he knew nothing of the transaction and signed the deed at Marconda's request. Ford himself deeded a portion of his property to Pima County for flood control purposes in 1971. In 1974 he conveyed two irregularly shaped lots in a single transaction. He had held the subject property from 1970 to 1978 when he deeded it to Landin. The trial court found that Ford and Marconda had participated in a program to subdivide the property and that the subdivision was illegal pursuant to A.R.S. §§ 32–2181 through 32–2185.08.

Landin filed suit in November 1981. She alleged Ford had misrepresented the size of the property and had participated in creating an illegal subdivision. She also sued Minnesota Title for damages for its incorrect legal description. The Fords cross-claimed against Minnesota Title seeking indemnification in the event they were held liable to Landin.

After a four-day trial to the court sitting without a jury, Landin's complaint was dismissed, and the Fords were awarded attorney's fees and costs from both Landin and Minnesota Title. Minnesota Title was awarded costs only from Landin. Landin has appealed from that judgment, and Minnesota Title has cross-appealed contending it should also have been awarded attorney's fees from Landin.

The issues presented to us are as follows:

1. See Appendix A.

1) Can Landin rescind a 1978 land purchase pursuant to a 1975 amendment to A.R.S. § 32–2183 because an illegal subdivision was created in 1970?

2) Is Landin's breach of contract action against Minnesota Title barred by the doctrine of election of remedies because she chose to pursue rescission of the transaction with the Fords?

3) Should the attorney's fee award against Landin and Minnesota Title have been made joint and several or should it have been apportioned between defense of the complaint and pursuit of the cross-claim?

3) Finally, was Minnesota Title entitled to an attorney's fee award against Landin in addition to its cost award?

### Statutory Rescission Claim

■ Landin sought to rescind the purchase agreement based on the fact that Marconda and Robert Ford had created an illegal subdivision. A.R.S. § 32–2183(A) was amended in 1975 to provide that a purchaser of subdivided lands may sue to avoid a transaction that takes place prior to the real estate commissioner's notice that the subdivided lands may be sold. Prior to that amendment the statute had provided only that the commissioner could investigate complaints and issue appropriate orders for the protection of the public.[2] The trial court concluded that statutory rescission was not available to Landin because that remedy applies only to subdivisions that are illegally divided after June 13, 1975, the effective date of the amendment. We need not reach the issue of whether the additional remedy provided by the amendment is available only when the illegal subdivision is created after June 1975 since we affirm the ruling on another ground. *A.I.D. Insurance Services v. Riley*, 25 Ariz.App. 132, 541 P.2d 595 (1975).

The trial court found that the five transactions in 1970 were the only transactions in which Marconda and Robert Ford participated. The subsequent conveyances were by the Fords alone. The five 1970 conveyances also transferred the entire parcel the two had purchased jointly. Hence, the subdivision as to them was complete in November 1970.

The later conveyances from the Fords began a new subdivision when they divided their parcel into smaller units. Those later conveyances, however, totaled only three and thus did not trigger the application of the subdivision laws since in 1971 the subdivision laws applied to the division of five or more parcels and to the division of four or more after 1972. A.R.S. § 32–2101. Therefore, Landin had no cause of action for statutory rescission, and the dismissal of that count was correct.

### Election of Remedies

The trial court found that, although Minnesota Title Company had prepared an erroneous legal description of the property and although Landin relied on the company to provide a correct description, she could not recover for the error because she had elected to seek rescission from the Fords. The court concluded the doctrine of election of remedies barred Landin from pursuing her claim against Minnesota Title.

Landin contends the doctrine does not apply here since she was pursuing distinct claims against distinct parties. She argues that the rescission claim against the Fords arose out of their participation in creating an illegal subdivision whereas her damage claim against Minnesota Title arose out of its negligent preparation of the legal description in the deed. We agree the doctrine does not apply in this case.

■ "An election of remedies is the choice of one of two or more co-existing remedial rights where such rights arise out of the same facts." *Aritex Land Co. v. Baker*, 14 Ariz.App. 266 at 274, 482 P.2d 875 at 883 (1971). The doctrine does not require a party to elect between distinct causes of action arising from distinct and separate facts. *Aritex Land Co. v. Baker*, supra. The same facts are not involved in the two claims here, as appellant has noted.

---

**2.** That remedy still exists.

Landin's claim against the Fords concerned representations they made to her at the time she agreed to make the purchase contract binding. Her claim against Minnesota Title, on the other hand, arose out of a document it had prepared prior to that date.

Furthermore, Landin's causes of action do not even arise from the same contract. Her contract with the Fords was for the purchase of property whereas her contract with Minnesota Title was for service as an escrow agent in the preparation of documents and the disbursement of funds and documents in connection with the land purchase. The contract with Minnesota Title, although related to the contract with the Fords, was a separate contract. Minnesota Title was paid for its services and, even if Landin had been successful in her rescission action against the Fords, its contract would not have been rescinded nor would its fee have been refunded.

Additionally, we see no basis for application of the doctrine in a case in which a party was mistaken as to the existence of a remedy. Since we have determined that statutory rescission does not exist in this case, we cannot then find that Landin's attempt to seek damages for Minnesota Title's error is precluded, particularly when that error is unrelated to the creation of an illegal subdivision. See *Estate Counseling Service, Inc. v. Merrill, Lynch, Pierce, Fenner & Smith, Inc.*, 303 F.2d 527 (10th Cir.1962); *Ladd v. General Insurance Co.*, 236 Or. 260, 387 P.2d 572 (1963); *O'Donoghue v. Riggs*, 73 Wash.2d 814, 440 P.2d 823 (1968).

■ In light of the facts, we find the doctrine of election of remedies is inapplicable in this case. See *Brown Wholesale Electric Co. v. Safeco Insurance Co. of America*, 135 Ariz. 154, 659 P.2d 1299 (App.1982) and *Hennesy Equipment Sales Co. v. Valley National Bank*, 25 Ariz.App. 285, 543 P.2d 123 (1975).

### Attorney's Fee Awards in Favor of Fords

■ Landin contends the trial court's award of attorney's fees in favor of the Fords and against both Landin and Minnesota Title was improper because the awards did not state they were joint and several and, additionally, that no effort was made to apportion the fees to the Fords' defense of Landin's claim and the pursuit of the cross-claim against Minnesota Title.

In support of her contention, Landin has cited dictum in *Watson Construction Co. v. Amfac Mortgage Corp.*, 124 Ariz. 570, 606 P.2d 421 (App.1979), to the effect that apportionment of costs might be appropriate in multiple count and multiple counterclaim litigation when money judgments are not involved. Although apportionment of attorney's fees might also be appropriate in such cases, we do not believe this is such a case.

The Fords counterclaimed against Minnesota Title seeking indemnification in the event Landin prevailed on her claim against them. Because Minnesota Title admitted its error in preparing the deed, the Fords' primary approach to the case was to defend themselves against Landin's claim. The court's refusal to award rescission to Landin precluded further action by the Fords against Minnesota Title. There were thus no offsetting judgments here as there were in the *Watson Construction Co.* case.

We do, however, find that it was error not to specify that the attorney's fee awards were joint and several. In order to avoid any possibility of double recovery by the Fords, we instruct the trial court on remand to specify that the awards are joint and several.

### Cross-Appeal for Attorney's Fees

Minnesota Title has cross-appealed the trial court's denial of an attorney's fee award against Landin. Minnesota Title contends it was an abuse of discretion to deny it fees since it had always admitted its error in creating the legal description and since Landin elected to pursue the remedy of rescission against the Fords, thus barring any recovery against Minnesota Title.

In view of our reversal of the claim against Minnesota Title, we need not address this issue.

The judgment in favor of the Fords is affirmed. The dismissal of the complaint against Minnesota Title is reversed, and the case is remanded for a determination of whether or not Landin suffered any damages as a result of the company's error.

BIRDSALL, P.J., and LIVERMORE, J., concur.

## APPENDIX A

Transactions:

1. 6-26-70    Marconda to Gerard

2. 6-26-70    Marconda to Ford

3. 9-22-70    Marconda to Green

4. 10-9-70    Ford (Marconda) to Phillips

5. 11-24-70   Marconda to May

The subject property is indicated with an X and enclosed in dotted lines.

Note:   This appendix was compiled from exhibits admitted at trial.