278

727 P.2d 331

Judith M. LANDIN, a single person,
Plaintiff/Appellant,

v.

Robert A. FORD and Geraldine Ford,
husband and wife; Minnesota Title
Company, an Arizona corporation, De-
fendants/Appellees.

No. CV–86–0104–PR.

Supreme Court of Arizona,
En Banc.

Oct. 7, 1986.

Law Offices of Gregory D. D'Antonio by
Patricia A. Ihnat, Tucson, for plaintiff/ap-
pellant.

King & Frisch, P.C. by James C. Frisch,
Tucson, for defendants/appellees Ford.

Waterfall, Economidis, Hanshaw & Villa-
mana, P.C. by Steven M. Cox, Tucson, for
defendant/appellee Minnesota Title.

HAYS, Justice.

Minnesota Title Company (Minnesota Ti-
tle) petitioned this court to review an opin-
ion of the court of appeals which reversed
the trial court's determination that the elec-
tion of remedies doctrine barred a claim
against Minnesota Title. *Landin v. Ford*,
151 Ariz. 273, 727 P.2d 326 (App.1985).
We granted review in order to clarify the
scope of this doctrine. The only issue we
decide is whether a buyer of land who
elects to bring an action for rescission
against the seller is barred from bringing
any action for damages against the escrow
agent. We have jurisdiction under Ariz.
Const. art. 6, § 5(3), A.R.S. § 12–120.24,
and Rule 23(c), Ariz.R.Civ.App.P., 17A
A.R.S.

In 1978, Judith M. Landin (Landin) exam-
ined subdivided property owned by Robert
and Geraldine Ford (Ford). According to
Ford, Landin was told that the property
was only one-half acre. According to Lan-
din, Ford stated that the property was just
under one acre. In actuality, the property
was .57 acres. Landin subsequently signed
a purchase agreement, under which Min-
nesota Title acted as escrow agent. The
deed from Ford to Landin, drawn by Min-
nesota Title, described the property as con-
sisting of more than 3 acres. Minnesota

Title admits that the description it provided was inaccurate.

Landin became dissatisfied with the property when she discovered that she could not place additional mobile home rental units on the property. She refused to purchase the land and sued both Ford and Minnesota Title. She sued Ford for (1) breach of contract; (2) statutory rescission under the illegal subdivision provisions of A.R.S. § 32–2183; (3) common law rescission on grounds of misrepresentation; (4) fraud; and (5) negligent misrepresentation. Landin sued Minnesota Title for (1) negligence; (2) breach of contract; and (3) breach of fiduciary duty. In a pretrial memorandum, Landin elected to pursue only the statutory and common law rescission claims against Ford and the breach of contract claim against Minnesota Title.

Landin's complaint against Ford was dismissed in its entirety. The trial court found that the statutory remedy was unavailable because Ford's property was subdivided before the effective date of A.R.S. § 32–2183. Additionally, the trial court found that Ford truthfully described the acreage of the land sold and dismissed the common law rescission claim based upon fraud. The trial court also entered judgment against Landin on her claims against Minnesota Title. The trial court held that rescission of the purchase contract was inconsistent with damages produced by the erroneous legal description included in the contract.

The court of appeals reversed and held that the doctrine of election of remedies was inapplicable to the case. We agree with the court of appeals and hold that an award of damages for the erroneous title description is not inconsistent with the action to rescind a contract conveying the erroneously described land.

The Arizona election of remedies doctrine is straightforward. We explained the application of the doctrine to fraud cases in *Hubbard v. Superior Court,* 111 Ariz. 585, 535 P.2d 1302 (1975):

[A] party who has been defrauded is put to an election of remedies. He may either affirm the contract and sue for damages or rescind the contract and return the parties to the status quo ante. He cannot do both.

*Id.* at 586, 535 P.2d at 1303.

The election of remedies doctrine merely prevents a plaintiff from "both repudiating [a] contract and then suing on it to gain the benefit of the bargain." *Jennings v. Lee,* 105 Ariz. 167, 173, 461 P.2d 161, 167 (1969). The doctrine does not bar a party seeking rescission from receiving damages. A plaintiff electing rescission is entitled to those damages that are necessary to make him whole. *Id.; see also Hood v. Fulkerson,* 102 N.M. 677, 699 P.2d 608 (1985). The doctrine only prevents a party from receiving damages that presuppose a valid contract.

Accordingly, we find that the election of remedies doctrine is inapplicable to the claim against Minnesota Title. Landin's action against Minnesota Title is not an attempt to receive the benefits of her contract with Ford. The erroneous description furnished by Minnesota Title could have produced damages separate and apart from those arising out of the executed contract. For example, Landin could certainly recover any expenses incurred in changing the description of the land contained in the deed.

Minnesota Title, however, strenuously argues that rescission of a contract is inconsistent with an award of damages based upon an erroneous description contained in the same contract. We believe Minnesota Title is correct but that they are arguing the wrong question. We agree that Landin cannot recover damages from Minnesota Title that flow from the contract between Ford and Landin. Minnesota Title and Landin, however, entered into a separate contractual relationship which Landin may reject or affirm. *See Allan v. Martin,* 117 Ariz. 591, 592, 574 P.2d 457, 458 (1978) (escrow instructions are not a part of the underlying real estate sales contract unless otherwise provided). If Landin chooses to affirm her contractual relationship with Minnesota Title, her claim for damages is not nullified simply because of a logical nexus with Landin's contract with Ford.

The election of remedies doctrine does not require the plaintiff to prove that all claims based upon an affirmed contract would be consistent with the rejection of a separate but related contract. The doctrine only prevents the plaintiff from selecting a remedy for breach of the affirmed contract inconsistent with disavowal of the related contract.

The Supreme Court of Oregon was confronted with a similar situation in *McAllister v. Charter First Mortgage Inc.*, 279 Or. 279, 567 P.2d 539 (1977). In *McAllister,* the plaintiffs purchased residential property and the defendant mortgage company served as closing agent. The vendors of the residential property informed the plaintiffs that the property had an adequate water supply. The defendant mortgage company prepared a closing statement indicating that it had conducted a "well pump test." The plaintiff took possession of the property, discovered that the water supply was inadequate, and maintained a successful suit for rescission against the vendors of the property.

When the plaintiffs brought suit against the defendant mortgage company, the mortgage company claimed that the doctrine of election of remedies barred the suit. The Oregon Supreme Court rejected the mortgage company's position.

> In the present case, plaintiffs have not taken a position which is necessarily inconsistent with that taken in the suit against the [vendors]. In the rescission suit they could contend that, because the contract had been induced by the [vendors'] fraud, they were entitled to avoid the contract and be restored to the status quo. In the present case they could contend, quite consistently, that if defendant had performed its undertaking to have the well tested, they would not have relied on the [vendors'] fraud and that, as a consequence, they have been damaged by defendant's breach.

*Id.* at 287, 567 P.2d at 543.

Landin's situation differs from that in *McAllister* because the Arizona trial court found that the contract between Ford and Landin was not induced by fraud. Landin will not be able to claim that Minnesota Title's errors caused her to enter into a fraudulent contract. In fact, Landin may be unable to demonstrate any damages whatsoever. Nevertheless, Landin is entitled to an opportunity to demonstrate that Minnesota Title's error injured her. If the trial court determines that Minnesota Title's error is not causally related to any injuries suffered by Landin, then she will not be awarded any damages against Minnesota Title.

On appeal, Landin also argued that the election of remedies doctrine was inapplicable because her election was based on mistake. We do not reach that issue today because we hold that Landin made no election.

The opinion of the court of appeals is approved. The dismissal of the complaint against Minnesota Title is reversed and this case is remanded for a determination of the damages Landin suffered as a result of Minnesota Title's error.

HOLOHAN, C.J., GORDON, V.C.J., and CAMERON and FELDMAN, JJ., concur.