746 P.2d 1319

Richard G. GODBEHERE; David Carter; Robert W. Malone; Jereome Ellison; Salvatore A. Dicciccio; Jerry White; David Hendershott; Steve Werner; Richard Rosky; Patricia Mann; Brian Carnahan; Thomas Shorts; Roy Reyer; Gary Godbehere; Ray Jones; Larry Wendt; Gary Freund; Cliff Anderson; James F. Porter; Paul B. Thornton; Phillip A. Babb; Ralph Pendergast; Kirby D. Moore; Kirk L. Meisner; Clark W. Chapman; Patrick C. Cooper; Robert D. Roepke; Michael R. Mitchell; Samuel M. Grimes; Dennis G. Dowell; Mark Battilana; and, David Toporek, Plaintiffs-Appellants,

v.

PHOENIX NEWSPAPERS, INC.; Randy Collier; Darrow Tully; Richard Robertson; Tom Fitzpatrick; Pat Flannery; Tony Natale; Pat Murphy; Susan Leonard; Phil Sunkel; Alan Moyer; Lynne Holt; Jay Brashear; John Kolbe; and Victor Dricks, Defendants-Appellees.

1 CA–CIV 9159.

Court of Appeals of Arizona, Division 1, Department B.

Aug. 11, 1987.

Review Granted Jan. 14, 1988.

DeJong, Poltrock & Giampietro by Wayne B. Giampietro, Chicago, Ill., Marton & Hall by Kraig J. Marton, Phoenix, for plaintiffs-appellants.

Gust, Rosenfeld, & Henderson by James F. Henderson, Phoenix, for defendants-appellees.

OPINION

JACOBSON, Presiding Judge.

The primary issue on this appeal is whether the trial court properly determined that the newspaper articles published by the defendant did not constitute the outrageous conduct necessary to state a cause of action for "false light" invasion of privacy.

This action for libel and false light publication was brought by Richard G. Godbehere, the Sheriff of Maricopa County, together with numerous employees of the Maricopa County Sheriff's office. The suit is based on 58 articles published in the Phoenix Gazette and the Arizona Republic

and names Phoenix Newspapers, Inc. and fourteen of its editors and reporters as defendants.

The defendants sought dismissal of the plaintiffs' complaint in its entirety. The trial court denied the motion to dismiss the libel claims. However, it granted the motion to dismiss the invasion of privacy claims.

The articles can be summarized as follows: they state that the sheriff and individual employees of his office engaged in illegal activities, were accused of illegal conduct by the United States Attorney, staged narcotic arrests solely for publicity purposes, illegally misused public funds and resources, illegally arrested citizens, committed police brutality, and were generally incompetent in the profession of law enforcement. The complaint alleges that these newspaper articles were false and damaged the reputations of the various plaintiffs, impaired their ability to obtain future employment, wages and retirement benefits and subjected them to emotional distress and mental anguish.

■ In reviewing the granting of a motion to dismiss, this court must assume that every allegation of the complaint is true. *Parks v. Macro-Dynamics, Inc.*, 121 Ariz. 517, 519, 591 P.2d 1005, 1007 (App.1979). Defendants argue that because first amendment rights are involved, there can be no presumption that the publications are false. While this may be correct with respect to determining which party has the burden of proof at trial, it is inapplicable for purposes of reviewing a motion to dismiss. They cite no authority to support the contention that where constitutional rights are involved the standard of review at the motion to dismiss stage requires the plaintiff to offer irrefutable proof of the truth of its allegations. Therefore, we assume the truth of the complaint to test its sufficiency to state a cause of action. Nevertheless, we affirm the trial court's determination that the complaint fails to state a cause of action for invasion of privacy for placing the plaintiffs in a false light.

■ Arizona first recognized a cause of action for invasion of privacy in *Reed v.*

*Real Detective Publishing Co.*, 63 Ariz. 294, 162 P.2d 133 (1945). Later decisions of this court have recognized Professor Prosser's classification of the tort into four separate causes of action as follows:

1. Intrusion upon the plaintiff's seclusion or solitude, or into his private affairs.

2. Public disclosure of embarrassing private facts about the plaintiff.

3. Publicity which places a plaintiff in a false light in the public eye.

4. Appropriation, for the defendant's advantage, of the plaintiff's name or likeness.

*Cluff v. Farmer's Insurance Exchange*, 10 Ariz.App. 560, 563, 460 P.2d 666, 669 (1969) (citing Prosser, *Privacy*, 48 Cal.L.Rev. 383 (1960)). *See also Rutledge v. Phoenix Newspapers, Inc.*, 148 Ariz. 555, 715 P.2d 1243, (App.1986); *Davis v. First Ntl. Bank of Arizona*, 124 Ariz. 458, 605 P.2d 37 (App.1979).

The Restatement's treatment of invasion of privacy recognizes that the tort is concerned with the hurt feelings or emotional distress suffered by the plaintiff. *Restatement, (Second) of Torts* § 652H, comment b (1977). While the tort parallels libel and slander, it is intended to compensate for injured feelings, rather than reputation. Sach, *Libel, Slander and Related Problems*, § IX.3 at p. 393 (1980). *See also Reed.*

The Arizona cases have recognized this and have uniformly held that where the damage alleged is emotional distress, the conduct of the defendant must be of a nature which would support a claim for intentional infliction of emotional distress, that is, extreme and outrageous conduct. *See Cluff; Rutledge; Davis.* As noted in *Duhammel v. Star*, 133 Ariz. 558, 561–62, 653 P.2d 15, 18–19 (App.1982):

"... [W]e find, according to *Davis, supra,* that appellants' invasion of privacy claim cannot be maintained because appellants have failed to plead a claim for intentional infliction of emotional distress. * * * Although *Davis* involved an allegation of invasion of privacy through

intrusion into plaintiffs' private affairs, we see no reason not to retain those safeguards in the present case, which involves allegations that publicity placed the plaintiff in a false light in the public eye [citation omitted]. Otherwise, there would exist little if any reason to distinguish this particular tort from libel or slander."

In *Rutledge v. Phoenix Newspapers, Inc.*, this court held that a showing of outrageous conduct was required to recover for invasion of privacy based on the disclosure of private facts about an individual. The court noted that a showing of outrageous conduct was incorporated into the intrusion theory of privacy to prevent that theory from being used as a means by which to circumvent the standards necessary to otherwise establish a claim for intentional infliction of emotional distress. The court further stated:

> While these privacy theories and defamation may provide somewhat overlapping protection against the invasion of one's reputational interest, we think it is important to recognize that the underlying objective of all four of the generally recognized invasion of privacy theories is to provide protection from 'interference with the interest of the individual in leading, to some reasonable extent, a secluded and private life, free from the prying eyes, ears and publications of others,' *Restatement (Second) of Torts* § 652A, comment b at 377 (1977), and to allow recovery for the mental distress occasioned by the interference. *See Restatement* § 652H. For this reason, we believe the requirements of intentional infliction of emotional distress, properly incorporated into an action for the invasion of privacy based on false light in *Duhammel*, should also be required elements of a claim for invasion of privacy based on publicity given to private life.

148 Ariz. at 557–58, 715 P.2d at 1245–46.

The plaintiffs contend that, in spite of this authority, we should adopt the standard set forth in *Restatement (Second) of Torts* § 652E (1977), which provides in part:

> One who gives publicity to a matter concerning another that places the other

before the public in a false light is subject to liability to the other for invasion of his privacy, if

> (a) the false light in which the other was placed would be *highly offensive* to a reasonable person, and

> (b) the actor had knowledge of or acted in reckless disregard as to the falsity of the publicized matter and the false light in which the other would be placed.

(Emphasis added).

They argue that the "highly offensive" standard of the *Restatement* is a lesser standard than "outrageous conduct" as articulated in the Arizona case law.

Arizona follows the *Restatement (Second) of Torts* in the absence of authority to the contrary. *Barnum v. Rural Fire Protection Co.*, 24 Ariz.App. 233, 537 P.2d 618 (1975). However, in *Duhammel* this court expressly held that an allegation of invasion of privacy based upon publicity placing the plaintiff in a false light requires a showing that defendants' conduct was extremely outrageous. 133 Ariz. at 561, 653 P.2d at 18. This holding was reiterated in *Rutledge v. Phoenix Newspapers, Inc.*

*Duhammel* and *Rutledge* are consistent with *Reed* which distinguished the tort of invasion of privacy from libel and slander on the basis that the gist of the action was not injury to character or reputation in the eyes of others but the mental anguish and distress caused to the plaintiff by publication. We reaffirm our prior decisions and reject the *Restatement* position.

■ To establish "outrageous conduct" the conduct must be so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community. *See Restatement (Second) of Torts* § 46, comment d (1965). It is the duty of the court in the first instance to determine "whether the acts complained of can be considered as extreme and outrageous conduct in order to state a claim for relief." *Davis*, 124 Ariz. at 462, 605 P.2d at 41. *See also Hixon v. State Compensation Fund*, 115 Ariz. 392, 394, 565 P.2d 898, 890 (App. 1977); *Bendalin v. Valley National Bank*

*of Arizona,* 24 Ariz.App. 575, 577, 540 P.2d 194, 196 (1975).

We have reviewed the exhibits appended to the complaint. They portray plaintiffs as improperly and ineffectively performing their public duties. Assuming that these publications are false, we nevertheless conclude that the trial court properly determined that these publications were not so extreme or outrageous as to state a cause of action for intentional infliction of emotional distress. Therefore the court properly held that the complaint did not state a cause of action for invasion of privacy.

All parties agree that the formal judgment improperly includes a dismissal of count II of the complaint, which is not an invasion of privacy claim. Further, all parties agree that appellants' contention that the trial court erred in awarding costs is not an issue because the judgment in fact does not award costs. Appellee has requested attorneys' fees on the basis this appeal is frivolous. We decline to award attorneys' fees on this basis.

The judgment of the trial court dismissing counts III, VI, and XV is affirmed; the dismissal of count II is reversed; and this matter is remanded to the trial court for proceedings in accordance with this decision.

KLEINSCHMIDT and GREER, JJ., concur.