**SHARP STRUCTURAL, INC.,**
Plaintiff—Appellee,

v.

**FRANKLIN MANUFACTURING, INC., a foreign corporation,**
Defendant—Appellant.

No. 06–16581.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 9, 2008.

Filed June 27, 2008.

---

Lyle D. Aldridge, Gabroy Rollman & Bosse PC, Tucson, AZ, for Plaintiff–Appellee.

Thomas H. Crouch, Meagher & Geer, Scottsdale, AZ, E. Britton Monroe, Lloyd, Gray & Whitehead, Birmingham, AL, for Defendant–Appellant.

Before: TASHIMA, McKEOWN, and GOULD, Circuit Judges.

## MEMORANDUM *

After a jury verdict in favor of Plaintiff–Appellee Sharp Structural, Inc. ("SSI") against Defendant–Appellant Franklin Manufacturing, Inc. ("Franklin"), in three post-verdict rulings, the district court: (1) denied Franklin's Federal Rule of Civil Procedure 50(b) motion for judgment as a matter of law ("JMOL"); (2) denied Franklin's Rule 59(e) motion to alter or amend the judgment; and (3) granted

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

SSI's Rule 59(e) motion to alter or amend the judgment. Franklin timely appeals the district court's post-verdict orders. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

## I.

SSI purchased a plasma punch fabricator ("fabricator" or "machine") from Franklin for $474,654.[1] The fabricator, however, never functioned properly. A warranty in the sales contract limited SSI's remedies to repair, replacement, or refund. Franklin attempted to repair the machine, but, when those attempts failed, Franklin did not replace the machine and refused to refund the purchase price. SSI sued Franklin, contending breach of warranty, consumer fraud, and negligent misrepresentation. The jury found for SSI on all counts and awarded $1,230,000 in compensatory damages on the breach of warranty claim. The jury also wrote a stipulation on the verdict form, directing SSI to return the machine to Franklin at Franklin's expense.

Franklin filed Rule 50(b) and Rule 59(e) motions after the verdict, which the district court denied. The district court granted SSI's Rule 59(e) motion to strike from the verdict the handwritten stipulation requiring the return of the machine.

## II.

Under the Uniform Commercial Code, as adopted by Arizona,[2] a buyer can recover remedies outside the scope of a limited warranty "[w]here circumstances cause an exclusive or limited warranty to fail of its essential purpose[.]" Ariz.Rev.Stat. § 47–2719(B). The jury found that the limited warranty failed of its essential purpose in awarding SSI compensatory damages.

Franklin contends that the limited warranty could not have failed of its essential purpose because a refund would still, even at this late date, provide SSI with some remedy. We do not reach this issue. Franklin did not raise it before the district court, and we do not generally consider issues raised for the first time on appeal. *Cornhusker Cas. Ins. Co. v. Kachman,* 514 F.3d 977, 981 (9th Cir.2008).

Franklin contends that the issue was properly raised in its motion for summary judgment. We disagree. First, the precise legal issue raised on appeal was not raised in the motion for summary judgment. Franklin contended only that the limited remedy was permitted by Arizona law, citing § 47–2719(A)(1). Franklin never mentioned § 47–2719(B), which addresses failure of essential purpose. Additionally, the district court denied the motion for summary judgment because there were "still several issues of material fact that exist[ed]." We will not review a denial of summary judgment after a case proceeds to a jury trial, unless the denial was based on a purely legal issue. *Banuelos v. Constr. Laborers' Trust Funds for S. Cal.,* 382 F.3d 897, 902–03 (9th Cir. 2004).

We decline to exercise our discretion to overlook Franklin's waiver. *See Buckner v. E.I. DuPont de Nemours & Co. (In re Hanford Nuclear Reservation Litig.),* 521 F.3d 1028, 1051 (9th Cir.2008) (stating that we can overlook the waiver of an issue where certain conditions are met).

## III.

In post-verdict Rule 50(b) and Rule 59(e) motions, Franklin contended that a

---

1. Because we write only for the parties, we assume familiarity with the facts and recite them only as needed to explain our decision.

2. On appeal, the parties agree that Arizona law governs this diversity of citizenship case.

separate consequential damages clause in the contract limited SSI's damages to the purchase price of the machine, notwithstanding the failure of the limited warranty. We do not reach this question either because Franklin's argument was procedurally barred.

Rule 50(b) permits a party to *renew* a motion for JMOL after trial. "If the court does not grant a motion for judgment as a matter of law made under Rule 50(a), the court is considered to have submitted the action to the jury subject to the court's later deciding the legal questions raised by the motion." Fed.R.Civ.P. 50(b). Franklin, however, did not raise this issue in its oral or written Rule 50(a) motion. The result is "a complete waiver, precluding our consideration of the merits of the issue." *Wei Zhang v. Am. Gem Seafoods, Inc.*, 339 F.3d 1020, 1028–29 (9th Cir.2003).

Franklin maintains that it first raised the compensatory damages issue in a motion for summary judgment. Even if Franklin raised the issue then, which it did not, raising an issue in a motion for summary judgment is not sufficient to preserve it for review in a Rule 50(b) motion unless the argument is also reiterated in a Rule 50(a) motion. *See Freund v. Nycomed Amersham*, 347 F.3d 752, 761 (9th Cir.2003).

■ We further hold that Franklin's argument was procedurally barred, even if construed as part of its concurrently filed Rule 59(e) motion. "A Rule 59(e) motion may not be used to raise arguments ... for the first time when they could reasonably have been raised earlier in the litigation." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir.2003) (citing *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir.2000)).

## IV.

■ Franklin also argued in its Rule 59(e) motion that the judgment should be reduced to $474,654, the purchase price of the machine. Franklin contends that the evidence presented in support of damages above that amount was speculative. We review the district court's denial of Franklin's Rule 59(e) motion to alter or amend the judgment for abuse of discretion. *See McQuillion v. Duncan*, 342 F.3d 1012, 1014 (9th Cir.2003) (citing *Zimmerman v. City of Oakland*, 255 F.3d 734, 737 (9th Cir.2001)). Furthermore, "[a] jury's verdict must be upheld if it is supported by substantial evidence, which is evidence adequate to support the jury's conclusion, even if it is also possible to draw a contrary conclusion." *Pavao v. Pagay*, 307 F.3d 915, 918 (9th Cir.2002). On appeal, we will not weigh evidence or assess a witness' credibility. *See Watec Co. v. Liu*, 403 F.3d 645, 651 n. 5 (9th Cir.2005).

The jury's damage award was supported by substantial evidence. Once the fact of damages is proven, "[Arizona] courts have not been as strict about the amount." *Felder v. Physiotherapy Assocs.*, 215 Ariz. 154, 158 P.3d 877, 887 (Ariz.Ct.App.2007). A plaintiff must prove the amount of damages " 'with reasonable certainty,' " which does not require " 'certainty in amount.' " *Walter v. Simmons*, 169 Ariz. 229, 818 P.2d 214, 221 (Ariz.Ct.App.1991) (quoting *Gilmore v. Cohen*, 95 Ariz. 34, 386 P.2d 81, 82 (1963)). The evidence presented by the plaintiff need only " 'make an approximately accurate estimate possible.' " *Id.* (quoting *Gilmore*, 386 P.2d at 82).

Denise Sharp, SSI's bookkeeper, testified extensively regarding SSI's lost business, decline in profits, and debt incurred after the purchase of the fabricator. Company records submitted to the jury showed the specific amount by which sales declined in the five years following the pur-

chase of the machine. The evidence of damages submitted to the jury was sufficient under Arizona law to prove the amount of damages with "reasonable certainty." The district court did not abuse its discretion in denying Franklin's Rule 59(e) motion.

## V.

SSI also filed a Rule 59(e) motion to alter or amend the verdict, asking the district court to strike the jury stipulation requiring return of the fabricator. We review the district court's grant of a Rule 59(e) motion as we review a denial: for abuse of discretion. *Transgo, Inc. v. Ajac Transmission Parts Corp.*, 768 F.2d 1001, 1014 (9th Cir.1985). A district court should only grant a Rule 59(e) motion if it " 'is presented with newly discovered evidence, committed *clear error*, or if there is an intervening change in the controlling law.' " *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir.1999) (en banc) (emphasis in original) (quoting *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir.1999)).

Under the doctrine of election of remedies, a party claiming breach of contract must decide whether to seek damages or rescission. 2 Dan B. Dobbs, Law of Remedies § 9.4, 607 (2d ed.1993). The doctrine "prevents a plaintiff from 'both repudiating [a] contract and then suing on it to gain the benefit of the bargain.' " *Landin v. Ford*, 151 Ariz. 278, 727 P.2d 331, 332 (1986) (quoting *Jennings v. Lee*, 105 Ariz. 167, 461 P.2d 161, 167 (1969)).

Here, SSI elected to affirm the contract. The district court instructed the

jury to award damages that would put SSI in the place it would have been if the contract had been performed. The jury stipulation violated this instruction because the jury, in directing SSI to return the machine, sought to return the parties, in part, to the status quo ante. Additionally, just as it would have been clear error for SSI to seek rescission and damages under the doctrine of election of remedies, it was clear error for the jury to grant rescission and damages. The district court did not abuse its discretion in striking the jury's stipulation.

## VI.

For the foregoing reasons, the district court's post-verdict orders are **AFFIRMED.**[3]

---

**3.** In its Appellee's Brief, SSI requests attorney's fees incurred on appeal pursuant to Arizona Revised Statutes § 12–341.01(A). Ordinarily, we would direct that a properly supported motion be filed with this court within the time period specified in Ninth Circuit Rule 39–1.6. In this case, however, we were informed at oral argument that a motion for attorney's fees is still pending in the district court. In the interest of efficiency, therefore, we direct, pursuant to Ninth Circuit Rule 39–1.8, that consideration of attorney's fees on appeal be transferred to the district court.