468 P.2d 589

**PAGE INVESTMENT COMPANY, a corporation, and Elizabeth E. Page, as Trustee for Dan R. Clay under the Last Will and Testament of Nell P. G. Parker, deceased, Appellants,**

v.

**Rex E. STALEY and Watts-Francis Realty, Inc., a corporation, Al Rasor, dba Al Rasor Realtor, and Phoenix Title and Trust Company, a corporation, Appellees.**

**No. 9852.**

Supreme Court of Arizona, In Banc.

April 29, 1970.

Leonard N. Sowers, Kearny, for appellants.

Evans, Kitchel & Jenckes, by Joseph S. Jenckes, Jr., Phoenix, for appellee Rex Staley.

G. H. Ladendorff and F. R. Crable, Phoenix, for appellee Watts-Francis Realty, Inc.

UDALL, Justice.

Appellants instituted this action in Superior Court, Maricopa County, to rescind their contract to purchase a tract of land. The complaint alleged that appellants had been induced to enter into the contract by fraudulent misrepresentations concerning

the value of the land and its ability to be rezoned as commercial property.[1]

Following the filing of a pre-trial statement by the parties, appellees moved the trial court for summary judgment on the ground that appellants had ratified the contract and waived their rights to rescind. The trial court granted the motion for summary judgment. This is an appeal from that judgment.

The following facts pertaining to the transaction are undisputed. Appellant Page Investment Corporation was incorporated by appellant Elizabeth Page as trustee under a will. Mrs. Page is a resident of California, and Page Investment is a California corporation authorized to do business in Arizona. On June 26, 1962 appellants entered into the instant agreement to purchase a 20-acre tract of land located on Shea Boulevard in Phoenix, Arizona. The land was owned by appellee Rex E. Staley who acted through his agent Watts-Francis Realty, Inc., also an appellee herein.

Under the terms of the agreement appellants agreed to purchase the property from Mr. Staley for the principal sum of $120,000.00, representing $6,000 per acre. The agreement provided that $500 was to be paid as earnest money with $4,500 payable on or before June 29, 1962; $10,000 payable a month later; and the balance payable in annual installments of $26,250.00, commencing in June, 1963. As part of the same transaction, the parties also executed a trust agreement designating Phoenix Title and Trust Company as trustee. The trust was to secure payment by appellants of the unpaid balance of the purchase price.

It is also undisputed that at the time of the filing of the complaint in this litigation appellants had paid the total sum of $51,317.50. Pursuant to the terms of the trust agreement, appellants had on August 9, 1963 demanded and received from Phoenix Title and Trust a deed to five acres of the total 20 acres involved. The issue before us involves whether appellants waived their rights to rescission by acceptance of the deed.

The parties are in apparent agreement that, as a matter of law, a party waives his right to rescind a contract if, with knowledge of the facts entitling him to rescind, he continues to treat the contract as a subsisting obligation and accepts the benefits thereof. Mackey v. Philzona Petroleum Company, 93 Ariz. 87, 378 P.2d 906 (1963), Restatement, Contracts, §§ 482, 484. It is undisputed that the appellants in August, 1963 accepted a deed to a portion of the property.

Appellees motion for summary judgment was based upon a pre-trial statement filed by the parties. That statement in part sets forth the "contested facts" described as those which appellants claimed and appellees denied. For the purpose of appellees' motion for summary judgment, these facts are presumed to be true. In pertinent part these facts are as follows:

"Plaintiffs claim and defendants deny:

(a) That, for the purpose of inducing plaintiffs to purchase the property, the defendant, Rex E. Staley, by and through his agent, Watts-Francis Realty, Inc. and its employees, during the period between June 1, 1962 and June 26, 1962, made false and fraudulent representations concerning said property, knowing the same to be false, which representations were as follows:

(1) That the property was worth $7,500.00 per acre; and

(2) That the entire frontage of said property, fronting on the north side of Shea Boulevard, could be immediately zoned commercial property;

(b) That, at the time said representations were made, said property was worth not over $4,000.00 per acre, all of which was known by the defendants or should have been known by the defendants by and through Brad Watts and other em-

---

1. The trial court dismissed a second count of the complaint pertaining to alleged ad-vice given by appellees. No appeal is taken from that dismissal.

ployees of Watts-Francis Realty, Inc. by reason of contemporaneous and previous sales in the neighborhood;

(c) That the property was not considered at any time adaptable for commercial use by the Planning and Zoning Department of the City of Phoenix, which facts were known or should have been known by said defendants;

\*     \*     \*     \*     \*     \*

(e) *That the plaintiffs did not become aware of the falsity of said representations concerning zoning until the month of January, 1963, and did not become aware of the falsity of the representation regarding value of the property until October of 1964."* [Emphasis supplied.]

On the basis of the record before it, including the pre-trial statement, the trial court held that there remained no genuine material issues of fact and that appellees were entitled to judgment as a matter of law.

■ The central issue in this appeal pertains to the statement, contained in paragraph (e) quoted above, that plaintiffs (appellants) did not become aware of the falsity of the representation concerning zoning until January, 1963. As appellees correctly assert, this statement constitutes an admission that appellants knew of the falsity of the alleged representation seven months prior to the time they accepted a deed to a portion of the property. We accordingly hold that by their acceptance of the deed in August, 1963 they affirmed the contract and waived any rights to rescission which they may have had based upon the alleged misrepresentation of zonability. As was stated in Mackey v. Philzona Petroleum Company, 93 Ariz. 87, 91, 378 P.2d 906, 908:

"The accepted principle is that the power of avoidance for fraud or misrepresentation is lost if the injured party after having acquired knowledge, actual or constructive, of the fraud, manifests to the other party an intention to affirm or exercise domination of things, restora-

tion of which is a condition of his power of avoidance."

Appellants here argue that even though they knew of the falsity of the alleged zoning representation in January, 1963, they did not learn of the falsity of the alleged misrepresentation of the value of the land until October 1964. They thus contend that they are still entitled to rescission, based upon the alleged false statement of value.

Appellants' position raises a serious question as to whether the value of the land can be separated from the question of zoning. In all probability, the ability to rezone the land as commercial property would have been a foundation for establishing the value of the land.

Nevertheless, even assuming that the alleged misrepresentation of the worth of the property can be separated from the question of zonability, we are unable to hold under the circumstances of this case that appellants may maintain a cause of action based solely upon an alleged misrepresentation of the value of the property.

■ Actionable fraud must be based upon a misrepresentation of material fact, and not upon an expression of opinion. Poley v. Bender, 87 Ariz. 35, 347 P.2d 696 (1959); Law v. Sydney, 47 Ariz. 1, 53 P.2d 64 (1936); Han v. Horwitz, 2 Ariz. App. 245, 407 P.2d 786 (1965). See 37 C. J.S. Fraud, § 57. Here the alleged misrepresentation was only that "the property was worth $7,500.00 per acre." Such representation of value is generally simply a statement of opinion and not actionable as fraud. McNabb v. Thomas, 88 U.S.App. D.C. 379, 190 F.2d 608, cert. denied, McNabb v. Slater, 342 U.S. 859, 72 S.Ct. 86, 96 L.Ed. 646 (1951). Ulan v. Richtars, 8 Ariz.App. 351, n. 4, 446 P.2d 255 (1968); Holland v. Lentz, 239 Or. 332, 397 P.2d 787 (1964). The issue must be dealt with on a case by case basis, and there are exceptions to the general rule. For example, if the person making the statement of value stands in a fiduciary relationship to the hearer, the misrepresentation may be ac-

tionable. See, e. g. Melgreen v. Frank L. McGuire, Inc., 214 Or. 128, 327 P.2d 1114 (1958). Exceptions to the general rule may also exist where the purchaser has never seen the property or when the representation of value is accompanied by other false representations. See, Kahn v. Lischner, 128 Cal.App.2d 480, 275 P.2d 539, 544 (1954). See generally, 37 Am.Jur.2d, Fraud and Deceit, §§ 112, 119.

In the instant case there are no such circumstances in the record which could make the alleged misrepresentation of value actionable. This is particularly true in view of appellants' admitted knowledge that the alleged accompanying representation of zoning was false. This court, in the present case, cannot ignore the close relationship between zoning and the value of the property.

The judgment of the Superior Court is affirmed.

LOCKWOOD, C. J., STRUCKMEYER, V. C. J., and McFARLAND and HAYS, JJ., concur.