**Carmel SARNE, Plaintiff,**

v.

**FIESTA MOTEL, a partnership and Marcel Arsenis, an Individual, Defendants.**

**Civ. A. No. 76–562.**

United States District Court, E. D. Pennsylvania.

June 28, 1978.

Gustine J. Pelagatti, Philadelphia, Pa., for Sarne.

Roger L. Mutzel, Philadelphia, Pa., for Arsenis.

G. Wayne Renneisen, Philadelphia, Pa., for Fiesta Motel.

## MEMORANDUM AND ORDER

DITTER, District Judge.

In this diversity action, suit was brought against a New Jersey partnership, service of process being made under Pennsylvania's Long Arm Statute. During trial, a motion amending the complaint in order to join one of the partners as a defendant was allowed. The jury found for the plaintiff and awarded her compensatory and punitive damages. Presently before the court is the individual partner's post-trial motion questioning the court's jurisdiction over him. For the rea-

sons which follow, I conclude the judgment entered against the individual defendant was void and must be set aside under the provisions of Fed.R.Civ.P. 60(b)(4).

Plaintiff, Carmel Sarne, brought this action against Fiesta Motel, located in Atlantic City, New Jersey. Miss Sarne's complaint alleges that while she was a guest at Fiesta in June 1975, its manager assaulted her with a police stick without justification or excuse, causing severe and permanent injury. Through subsequent discovery, Marcel Arsenis, a resident of New Jersey and a partner in the operation of Fiesta, was identified as the manager in question. The complaint was served on the Secretary of the Commonwealth of Pennsylvania pursuant to 42 Pa.C.S.A. §§ 8303, 8304, and 5301, the Pennsylvania Long Arm Statutes. Jurisdiction was based on a pattern of advertising by the motel in Pennsylvania newspapers. A copy of the complaint was sent by registered mail to the motel and was received by George Arsenis, the brother and partner of Marcel Arsenis. The answer contended the court lacked jurisdiction over the defendant and over the subject matter of suit. Counsel for Fiesta's insurance carrier entered his appearance for the motel, but stated that even though a defense was being provided, coverage would be denied because the policy did not afford coverage for wilful violation of a penal statute. The trial was bifurcated and after all the evidence on the question of liability had been received, the jury found that Marcel Arsenis had committed an assault and battery on plaintiff. At the conclusion of the evidence on damages, counsel for plaintiff moved to amend the complaint to name as defendants, "Fiesta Motel, a partnership, and Marcel Arsenis, an individual." This amendment was allowed over the objection of defense counsel. In response to special interrogatories, the jury found that when Marcel Arsenis had committed the assault and battery upon plaintiff, he was not acting to further the business of Fiesta. It also awarded $13,000 and $5,000 as compensatory and punitive damages respectively. Originally judgment was

entered for plaintiff against both Fiesta and Arsenis, but by subsequent correction was entered for plaintiff and against Arsenis only.

Arsenis now contends that the court improperly granted the motion during trial which permitted the amendment of the complaint to include the words, "a partnership" and to add him as a defendant. He argues that he was never served with the original or an amended complaint, the original complaint did not name him as a defendant, and he had no opportunity to raise any defenses to his being joined. Relying on Federal Rule of Civil Procedure No. 50, he asks that a verdict be directed in his favor.

■ Little need be said about the amendment of the complaint insofar as it added the words "a partnership." This merely identified Fiesta's legal status. Under the Uniform Partnership law, adopted in both New Jersey and Pennsylvania, a partnership is an entity separate from the individuals composing it. Adding the descriptive words after the name, "Fiesta Motel," did not change the nature of the action. Moreover, since judgment was entered for Fiesta, any assertion of prejudice is now moot.

■ The designation of Marcel Arsenis as an individual defendant is another matter. It is apparent in retrospect that permitting his joinder on plaintiff's motion contravened the Federal Rules of Civil Procedure and was prejudicial.

The original complaint named only Fiesta Motel as a defendant. Subsequently plaintiff learned Fiesta was a partnership and that Marcel Arsenis was its manager. Nonetheless, Marcel Arsenis was not served with process or put on notice that a claim was being asserted against him individually. The motion to amend to join Arsenis as a defendant was granted over objection on the fifth day of trial, after the question of liability had been determined and all of the evidence on damages received.

■ The court lacked jurisdiction to grant this motion to amend. The foundation of jurisdiction is physical power over a defendant. *McDonald v. Mabee*, 243 U.S. 90, 91, 37 S.Ct. 343, 343, 61 L.Ed. 608, 609 (1917). The basic purpose of serving original process is to assert that power, inform the defendant of suit, and advise him as to the nature of the claim. Here, the original service of process made on Fiesta Motel was effective since the partnership was then doing business in Pennsylvania. However, this did not confer jurisdiction over Arsenis. An action prosecuted against a partnership in its firm name as contrasted with an action prosecuted against individuals trading as a partnership, does not impose liability upon the individual partners nor permit a writ of execution to be issued against their individual property. *Eule v. Eule Motor Sales*, 34 N.J. 537, 170 A.2d 241 (1961); *Gozdonovic v. Pleasant Hills Realty Co.*, 357 Pa. 23, 53 A.2d 73 (1947). Service of process on one partner may be sufficient to bind the assets of the partnership, but will not be sufficient to permit the obtaining of a personal judgment against another partner in his individual capacity. 68 C.J.S. Partnership § 213. Therefore, only Fiesta was before the court when trial started. Although under the provisions of Fed.R.Civ.P. 21, parties may be added by order of court on motion or on its own initiative at any stage of the action, the terms of joinder must be just. The party to be added must be properly brought before the court or no judgment can be entered or enforced. The requirements of due process must be met. *Moore v. Knowles*, 482 F.2d 1069, 1075 (5th Cir. 1973). If permission to add a party defendant is granted, plaintiff must comply with the provisions of Rules 3 and 4 relating to the issuance of summons and service. C. Wright & A. Miller, *Federal Practice and Procedure*, § 1688. It is true that Arsenis had been present in the court room during the entire trial and had appeared as a witness. His presence and testimony, however, did not amount to a submission to the jurisdiction of the court. *Schuckman v. Rubenstein*, 164 F.2d 952, 956 (6th Cir. 1947); *First Regular Baptist Church v. Allison*, 304 Pa. 1, 12, 154 A. 913 (1931).

Arsenis argues that not only was the court without jurisdiction to join him as a defendant, but that the strong possibility of prejudice requires relief. I agree.

 Counsel in this case was provided by Fiesta's liability insurance company. Since the carrier contended no coverage was required for a wilful violation of the law, such as assault and battery, it was in the interests of the insurer to have the jury find Arsenis was not acting in the furtherance of the partnership business during the altercation with plaintiff. In fact, this is what the jury did find. I am not suggesting that counsel in any way failed to represent both Arsenis and Fiesta to the best of his ability. Quite the contrary is true. The fact is, however, that if separate counsel for Arsenis had appeared both pre-trial and during trial, the perspective, context, and tactics of the defense might have changed. In this case, counsel for Fiesta could not point to any actual legal prejudice suffered by Arsenis from the fact that Fiesta and Arsenis had the same attorney or from the fact that joinder was permitted at the eleventh hour. That, however, is not determinative. If properly named and served, Arsenis would have had separate counsel and it is impossible for me to say that the results would not have been different. While it is permissible under Rule 19 to join a defendant at any stage of the litigation, sufficient notice and opportunity to defend must be afforded. *Gentry v. Smith*, 487 F.2d 571, 580 (5th Cir. 1973). Arsenis was denied that protection here.

The post-trial motion on behalf of Arsenis asked for a directed verdict under the authority of Fed.R.Civ.P. 50, although the argument in counsel's brief dealt with the impropriety of entering judgment against Arsenis. Under these circumstances, I will consider the motion to have been brought under Fed.R.Civ.P. 60(b)(4) and grant relief on the grounds that the judgment entered against Arsenis must be declared void.