641 P.2d 912

**SPUDNUTS, INC., a Utah corporation, Plaintiff/Counterdefendant/Appellee,**

v.

**John LANE, dba Spudnuts Franchise, Defendant/Counterclaimant/Appellant.**

No. 2 CA–CIV 4125.

Court of Appeals of Arizona, Division 2.

Feb. 26, 1982.

Cavness & DeRose by Jerry DeRose, Globe, for plaintiff/counterdefendant/appellee.

Patten, Montague & Arnett by Wayne C. Arnett, Tempe, for defendant/counterclaimant/appellant.

## OPINION

HOWARD, Chief Judge.

On October 15, 1976, the parties to this action entered into a written franchise agreement for the operation of a Spudnuts shop. On June 11, 1977, appellee leased equipment for the shop's operation to appellant pursuant to a written lease agreement. This appeal arose from a judgment against appellant for breach of the agreements. The sole issue on appeal is whether the trial court erred in granting appellee's motion in limine to preclude the admission of any statements made by appellee prior to the signing of the franchise agreement. We think not and affirm.

While appellant admits that parol evidence is inadmissible to add to, subtract from, vary, or contradict the terms of a complete and unambiguous contract, *Combs v. Lufkin*, 123 Ariz. 210, 598 P.2d 1029 (App. 1979), he claims to fall within an exception to that rule which allows such evidence to prove fraud in the inducement of the contract. *Barnes v. Lopez*, 25 Ariz.App. 477, 544 P.2d 694 (1976). We find, however, that the trial court was justified in denying this exception to appellant for the following reasons.

## PLEADING WITH PARTICULARITY

The first justification for the trial court's ruling is that appellant never followed the mandate of Rule 9(b), Arizona Rules of Civil Procedure, 16 A.R.S., which states: "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." This is the same whether fraud is claimed as a basis of an action for damages or as a defense. *Wilson v. Byrd*, 79 Ariz. 302, 288 P.2d 1079 (1955).

■ Although no particular language is necessary in pleading fraud, the elements constituting fraud must be found when considering the pleading as a whole. *Parks v. Macro-Dynamics, Inc.*, 121 Ariz. 517, 591 P.2d 1005 (App.1979); *Denbo v. Badger*, 18 Ariz.App. 426, 503 P.2d 384 (1972). However, bare allegations that a thing is "fraudulent" are insufficient to comply with the rule. *In re Cassidy's Estate*, 77 Ariz. 288, 270 P.2d 1079 (1954).

In Appellant's answer, he simply states that he "[a]sserts as affirmative defenses estoppel, accord and satisfaction, duress, failure of consideration, *fraud*, illegality, laches, payment and waiver." (Emphasis added) Subsequently, in a motion to amend his counterclaim, appellant states his desire to add "an allegation that plaintiff's actions were fraudulent . . . ." There is no mention, however, of fraud or the nine elements constituting fraud in the attached "Amended Counterclaim." It was not until the morning of trial that appellant moved to amend his counterclaim to allege the nine elements of fraud. This motion was denied, and we think rightfully so.

■ One purpose of Rule 9(b) is that of eliminating surprise at trial and allowing issues to be developed by an adversarial exchange prior to trial. *Fruth v. Divito*, 26 Ariz.App. 154, 546 P.2d 1163 (1976). For this reason, the courts should be liberal in allowing amendments to the pleading when this rule is violated. See *Parks v. Macro-Dynamics*, supra. We do not think, however, that this extends to allowing an amendment on the day of trial.

### FRAUDULENT REPRESENTATIONS

The second justification for upholding the trial court's ruling is that the disputed parol evidence did not show fraud. Appellant claims that appellee represented to him that his choice of shop location was a good one, when in fact it did not turn out to be so.

■ Ordinarily, a representation of opinion will not be regarded as fraud invalidating a contract. *Page Investment Company v. Staley*, 105 Ariz. 562, 468 P.2d 589

(1970); *Han v. Horwitz*, 2 Ariz.App. 245, 407 P.2d 786 (1965). This is especially true when the representee had an equal opportunity to form and exercise a judgment of his own, as it can then be inferred that he acted on his own judgment. *Springer v. Bank of Douglas*, 82 Ariz. 329, 313 P.2d 399 (1957). The exception to this rule is if the opinion is propounded by an expert. *Fifty Associates v. Prudential Insurance Company*, 450 F.2d 1007 (9th Cir. 1971). In this action, the court specifically found that the parties were dealing on an equal basis. Also, we can infer that as an owner of a Dairy Queen and a long-time resident of the town, appellant was relying on his own judgment as to location and not that of appellee.

■ Appellant also claims that there were representations by appellee that the shop would open within six months, when in fact it did not open for over eight months from the signing of the franchise contract. We first note that actionable fraud cannot be predicated on unfulfilled promises, expressions of intention or statements concerning future events unless such were made with the present intent not to perform. ·*Staheli v. Kauffman*, 122 Ariz. 380, 595 P.2d 172 (1979). A breach of contract is not fraud. *Trollope v. Koerner*, 106 Ariz. 10, 470 P.2d 91 (1970); 64 A.L.R.3d 1180. Assuming that this statement was made, there is no evidence in the record, nor claim by appellant concerning appellee's present intent not to perform.

### PAROL EVIDENCE AND EXPRESS TERMS OF THE CONTRACT

■ The third justification for suppression of the parol evidence concerning representations that the shop would open in six months is that it is clearly in direct contradiction to express terms of the contract which designates responsibility for opening the shop in six months on the franchisee. While parol evidence is admissible to show fraud, even though it has the *effect* of varying the terms of a writing, *Dowdle v. Young*, 1 Ariz.App. 255, 401 P.2d 740 (1965), evidence of statements which are

squarely against the terms of the written agreement are inadmissible under the parol evidence rule. *Sun Lodge Inc. v. Ramada Development Company*, 124 Ariz. 540, 606 P.2d 30 (App.1980); *Apolito v. Johnson*, 3 Ariz.App. 358, 414 P.2d 442 (1966). In a claim of fraudulent promise to perform some act, it must be an additional act not covered by the terms of the contract, as the parol evidence is not admissible in the case of a promise directly at variance with the terms of a written instrument. *Newmark v. H. and H. Products Mfg. Co.*, 128 Cal. App.2d 35, 274 P.2d 702 (1954). A party cannot be allowed to circumvent the parol evidence rule simply by alleging fraud.

Lastly, for the record, we note that appellant has included other statements in his brief which he claims should have been admitted. Two of those statements involve the equipment and we think fall within the specifically allowed parol evidence concerning the equipment lease. Another statement involving appellee's financial condition was not raised in the response to the motion in limine, and since we do not have a transcript of the actual hearing or offer of proof made at that time, we cannot consider this statement which is raised for the first time on appeal. See *Wallace v. Dave Hansen Construction Company, Inc.*, 122 Ariz. 84, 593 P.2d 307 (1979).[1]

Affirmed.

HATHAWAY and BIRDSALL, JJ., concur.

---

1. Appellant has also referred to portions of depositions in his opening brief which he claims show fraudulent conduct. These depositions were not in evidence and we cannot consider them.