OPINION
BIRDSALL, Chief Judge.
' This appeal arises from the amendment of a judgment to add a party-defendant after the original judgment was affirmed on appeal.
The applicable facts are as follows. The original action was filed July 28, 1978, in Gila County Superior Court. The complaint alleged a breach of a franchise agreement between appellee Spudnuts, Inc. and the appellant, John Lane. The cause was submitted to the court on the record and judgment was entered April 23, 1981, against appellant. He appealed and we affirmed in Spudnuts, Inc. v. Lane, 131 Ariz. 424, 641 P.2d 912 (App.1982). While the appeal was pending, appellee moved the trial court to amend the pleadings to add Gail Lane, wife of the appellant, as an additional party-defendant. The court denied the motion because jurisdiction had been removed to this court. However, after the mandate of this court issued on March 18, 1982, appellee again moved the superior court to amend the pleadings to add Gail Lane. On October 29, 1982, the court filed an amended judgment, subjecting the new party-defendant to liability, and it is from this amended judgment that appellant has brought this appeal.
*36 Appellee’s motions to amend were based on Rules 15(b) and 21, Arizona Rules of Civil Procedure, 16 A.R.S. Rule 15(b), however, allows amendments to conform to the evidence and does not apply here where the addition of a party-defendant is sought. Rule 21 does cover this situation. It states:
“Misjoinder of parties is not grounds for dismissal of an action. Parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just. Any claim against a party may be severed and proceeded with separately.”
Appellee argues that since the rules are to be construed liberally and in a reasonable manner, Union Interchange, Inc. v. Benton, 100 Ariz. 33, 410 P.2d 477 (1966), and technicalities are not to govern, Dons Club v. Anderson, 83 Ariz. 94, 317 P.2d 534 (1957), the failure to include Gail Lane as a defendant was technical in nature and her addition, even after judgment and resolution on appeal, should be allowed. Appellee cites Benson v. Hunter, 23 Ariz. 132, 202 P. 233 (1921), which arose in a vastly different factual situation. There, the Arizona Supreme Court held that the decedent’s husband should have been joined in the complaint since it was not clear whether the complaint was referring to the decedent’s separate property or to the marital community. The court found that the trial court should have required the plaintiff to amend his complaint by joining the decedent’s husband with her in the case or dismiss the case for defects in naming the parties. Our case is not capable of remand to the trial court to have appellant’s wife added and have the case proceed from the beginning. Rather, we are faced with deciding whether Rule 21 allows post-judgment addition of party-defendants. It does not.
In Moore v. Knowles, 482 F.2d 1069 (5th Cir.1973), the court found that Rule 21 provided wide discretion for the joinder of parties but joinder must be accomplished within the requirements of due process. In that case, the court found that while the trial court was correct in deciding whether judgment should be entered against a school board rather than just the individual members, its notification and joining the board in the final judgment was not sufficient to obtain jurisdiction over the board. However, the court was able to remand the case to the district court to allow the plaintiff to join the board as a corporate body.
In the instant case, where no remand is possible, and the case not only has been brought to judgment but has been laid to rest on appeal, we are faced with a due process violation by the addition of a party-defendant who was not served in the action and who had no chance to answer and defend. Service of process on appellant is not sufficient to permit the obtaining of a personal judgment against his wife or the community. A.R.S. § 25-215(D) provides that if a plaintiff wants to hold a marital community accountable for an obligation, both spouses must be sued jointly. A judgment against one spouse does not bind the community. Eng v. Stein, 123 Ariz. 343, 599 P.2d 796 (1979).
Helpful language is found in Sarne v. Fiesta Motel, 79 F.R.D. 567 (E.D.Pa.1978). The court stated:
“... only Fiesta was before the court when trial started. Although under the provisions of Federal R.Civ.P. 21, parties may be added by order of court on motion or on its own initiative at any stage of the action, the terms of joinder must be just. The parties to be added must be properly brought before the court or no judgment can be entered or enforced. The requirements of due process must be met. Moore v. Knowles, 482 F.2d 1069, 1075 (5th Cir.1973). If permission to add a party defendant is granted, plaintiff must comply with the provisions of Rule 3 and 4 relating to the issuance of summons and service. C. Wright and A. Miller, Federal Practice and Procedure, § 1688. It is true that Arsenis has been present in the court room during the entire trial and had appeared as a witness. His presence and testimony, how *37 ever, did not amount to a submission to the jurisdiction of the court, [citations omitted]” 79 F.R.D. at 570.
It is fundamental where service of process does not comply with the statutory requirements, the court does not obtain jurisdiction over the person. Mullane v. Central Hanover Bank and Trust Co., 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950); Smith v. Smith, 117 Ariz. 249, 571 P.2d 1045 (App.1977). No attempt was ever made to serve Gail Lane in this case. Gail Lane’s liability was not adjudicated by the trial court and she cannot be subjected to liability by her addition as a party-defendant after the case has been decided on appeal. Rule 21 only allows such an addition of a party on such terms as are “just” and we cannot ascertain how the procedure utilized in this case could ever be construed as just.
The amended judgment entered on October 29, 1982, is vacated.
HATHAWAY and HOWARD, JJ., concur.