NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In the Matter of:

KEVIN O'CONNELL TRUST

BART V. WHILES, et al., *Plaintiffs/Appellants*,

*v.*

JAMES BRUCE HENDERSON, et al., *Defendants/Appellees*.

No. 1 CA-CV 16-0462
FILED 7-18-2017

Appeal from the Superior Court in Maricopa County
No.  PB2015-071138
The Honorable Andrew J. Russell, Judge *Pro Tempore*

**AFFIRMED IN PART, REVERSED AND REMANDED IN PART,
VACATED IN PART**

COUNSEL

Kenneth M. Rudisill, Attorney at Law, Peoria
By Kenneth M. Rudisill
*Counsel for Plaintiffs/Appellants*

Andersen PLLC, Scottsdale
By Mark E. Andersen, Lisa Misner-Skozen, Dean E. Brekke
*Counsel for Defendants/Appellees*

---

**MEMORANDUM DECISION**

Judge James P. Beene delivered the decision of the Court, in which Presiding Judge Samuel A. Thumma and Judge Lawrence F. Winthrop joined.

---

**B E E N E**, Judge:

¶1 Bart Whiles and Clark Leuthold ("Appellants"), as trustees of the Kevin O'Connell Trust ("Trust"), challenge the superior court's ruling dismissing by summary judgement each of their claims against former trustee James Henderson. We reverse and remand on breach of fiduciary duty, fraud, and conspiracy to commit fraud claims, but affirm dismissal of the constructive trust claim. We also vacate the superior court's award of attorneys' fees and costs to Henderson.

## FACTUAL AND PROCEDURAL BACKGROUND

¶2 This dispute began in a separate lawsuit between the beneficiaries of the Trust and its then-trustees, Gordon L. Jones and Gordon K. Jones. Appellants, who were not trustees at the time, were not parties to that litigation. The Trust beneficiaries alleged, among other things, that the Joneses had breached their fiduciary duties by misappropriating various Trust assets for their own benefit. The beneficiaries sought to remove the Joneses as trustees and damages for waste and self-dealing. The parties reached a settlement in November 2014, under which Appellants would replace the Joneses as trustees.

¶3 Appellants, in their capacity as Trustees, filed this action against Henderson, the Joneses, and numerous other parties on December 30, 2015. Appellants alleged that Henderson breached his fiduciary duties by "failing to give notice of his appointment as Trustee, by purchasing a Trust asset at approximately $3,500.00 less than its then fair market value, and by conspiring with Gordon L. Jones to avoid sale of the Trust assets and extend the time of the [Joneses'] control over the Trust assets . . . ." Appellants also asserted fraud and conspiracy to commit fraud claims against Henderson and asked the court to "hold $3,500.00 in [a constructive] trust," representing the amount Henderson allegedly underpaid for a Trust asset.

¶4            Henderson moved to dismiss under Arizona Rules of Civil Procedure ("Rule") 12(b)(6), arguing that the claims were time-barred. Henderson submitted a letter in which he resigned as a co-trustee effective February 1, 2012, and documentation that allegedly showed he had purchased the challenged Trust asset for a reasonable price. Appellants opposed the motion, arguing among other things, that Henderson continued to act as a co-trustee by signing a commercial guaranty for the Trust on October 23, 2012. Appellants presented the superior court with a copy of the guaranty they had previously filed with their response to an earlier unrelated motion.

¶5            Following briefing and oral argument, the superior court determined that Henderson's motion relied on matters beyond the pleading and *sua sponte* converted it to a motion for summary judgment under Rules 12(d) and 56. The court ruled that Appellants' breach of fiduciary duty, fraud, and constructive trust claims were time-barred based on Henderson's February 2012 resignation. The court also rejected Appellants' conspiracy claim, finding that they "produce[d] no evidence to support this claim."

¶6            The superior court entered partial final judgment on Appellants' claims against Henderson pursuant to Rule 54(b). Appellants timely appealed from that judgment. The court then granted Henderson attorneys' fees and costs in a second Rule 54(b) judgment. Appellants filed a supplemental notice of appeal challenging both judgments. We have jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") section 12-2101(A) (2017).[1]

## DISCUSSION

¶7            Henderson's motion to dismiss included multiple exhibits that went beyond the pleading. Appellants facially treated the motion as a motion to dismiss, but cited to documents that they previously filed. The superior court considered evidence from both parties and converted the motion to dismiss to one for summary judgment; we, therefore, treat the motion as one for summary judgment . *See Coleman v. City of Mesa*, 230 Ariz. 352, 356, ¶ 9 (2012) ("If 'matters outside the pleading' are considered, the motion must be treated as one for summary judgment.").

---

[1]            Absent material revisions after the relevant date, we cite a statute's current version.

**¶8** We review *de novo* whether summary judgment was warranted, including whether genuine issues of material fact exist and whether the superior court properly applied the law.[2] *Dreamland Villa Cmty. Club, Inc. v. Raimey*, 224 Ariz. 42, 46, ¶ 16 (App. 2010). We view the evidence and all reasonable inferences in the light most favorable to the party opposing the motion. *Cannon v. Hirsch Law Office, P.C.*, 222 Ariz. 171, 174, ¶ 7 (App. 2009). We address each of Appellants' claims against Henderson in turn.

## I. The Superior Court Erred in Finding Appellants' Breach of Fiduciary Duty Claim Was Time-Barred.

**¶9** The superior court dismissed Appellants' claims under A.R.S. §§ 14-11005(C) (2017) and 12-542 (2017), both of which require plaintiffs to bring claims within a two-year period. *Coulter v. Grant Thornton, LLP*, 241 Ariz. 440, 444, ¶ 9 (App. 2017). Henderson bore the burden to present a *prima facie* case that Appellants' claim was time-barred. *Kiley v. Jennings, Strouss & Salmon*, 187 Ariz. 136, 139 (App. 1996).

**¶10** The limitations period under § 12-542 does not begin to run until the plaintiffs discover or by the exercise of reasonable diligence should have discovered that they were injured by the defendant's conduct. *Coulter*, 241 Ariz. at 444, ¶ 10 (quoting *Anson v. Am. Motors Corp.*, 155 Ariz. 420, 423 (App. 1987)). Henderson presented no evidence to show when Appellants, who did not become co-trustees until at least November 2014, discovered or should have discovered his alleged breach.

**¶11** Henderson argues that Appellants breach of fiduciary duty claim was barred by A.R.S. § 14-11005, because the lawsuit was not initiated

---

[2] As noted above, the superior court found Henderson's motion relied on evidence extrinsic to the petition and converted it to a motion for summary judgment under Rule 12(d). That Rule obligates the court to give all parties "reasonable opportunity to present all the material that is pertinent to the motion." Ariz. R. Civ. P. 12(d). The court did not convert the motion until after briefing was completed, but Appellants do not object to the timing of the conversion. We, therefore, assume the conversion did not prejudice Appellants and address the merits of Henderson's motion. *See Crystal E. v. Dep't of Child Safety*, 241 Ariz. 576, 578, ¶ 6 (App. 2017) (court of appeals generally does not *sua sponte* address issues not raised by the appellants).

within two years of the date he resigned as co-trustee. Even if Appellants' claim was limited by § 14-11005, Appellants presented evidence demonstrating that Henderson's resignation was not effective, including the guaranty Henderson signed on the Trust's behalf eight months after his purported resignation. Appellees also argue that Gordon L. Jones, who Henderson asserts received his resignation letter, is the one who asked Henderson to sign the guaranty, indicating that Jones may not have considered the resignation to be effective.[3] Henderson testified that Jones told him he "was still the only Co-Trustee 'of record' with the bank" when he signed the guaranty. Finally, Appellants presented affidavit testimony that they did not find the resignation letter in the Trust's records when they took over as co-trustees.

¶12        Viewing this evidence in the light most favorable to Appellants, and granting them all reasonable inferences, we find genuine issues of disputed material fact remain as to when Appellants' breach of fiduciary duty claim accrued, and whether Henderson's February 1, 2012 resignation letter was effective. Summary judgment was thus improper.

## II.        The Superior Court Erred in Finding Appellants' Fraud Claim Was Time-Barred.

¶13        The limitations period for a fraud claim is three years. A.R.S. § 12-543(3) (2017). Henderson argued before the superior court that Appellants' fraud claim was time-barred because it must have accrued by February 1, 2012, when Henderson resigned. But the limitations period did not begin to run when Henderson purportedly resigned; it began to run when Appellants, could have "by exercise of reasonable diligence," discovered the facts constituting the fraud. *Transamerica Ins. Co. v. Trout*, 145 Ariz. 355, 358 (App. 1985); A.R.S. § 12-543(3).

¶14        Again, Henderson presented no evidence to show when Appellants discovered the alleged fraud. Henderson instead cited Appellants' counsel's representation of the Trust *beneficiaries* in the earlier lawsuit against the Joneses, arguing that counsel's knowledge should be imputed to Appellants. Appellants were not parties to that lawsuit and

---

[3]        The superior court discounted this evidence, finding that Henderson's signing of the guaranty was merely "ministerial." The record does not support this finding. Although it is unclear from the record what the guaranty was for, it potentially obligated the Trust to pay nearly $2.7 million.

were not trustees at that time. Moreover, Henderson cites no authority suggesting that the knowledge an attorney gains in one lawsuit while representing one client should be, or properly could be, consistent with privilege, work product and confidentiality obligations, imputed to a different, future client in another lawsuit. We, therefore, do not consider this argument further. ARCAP 13(a)(7); *Brown v. U.S. Fid. & Guar. Co.*, 194 Ariz. 85, 93, ¶ 50 (App. 1998).

**¶15** Henderson also argues that Appellants failed to plead their fraud claim with specificity as required by Rule 9(b). Even if Henderson is correct in that argument, he has not shown any authority for how that would entitle him to summary judgment dismissing the claim with prejudice. *Cf. Spudnuts, Inc. v. Lane*, 131 Ariz. 424, 426 (App. 1982) ("[T]he courts should be liberal in allowing amendments to the pleading when [Rule 9(b)] is violated."); *Parks v. Macro-Dynamics, Inc.*, 121 Ariz. 517, 520 (App. 1979) ("It is an abuse of discretion to deny a motion for leave to amend without reason. This is especially true when Rule 9(b) is violated.") (internal citations omitted). We, therefore, find summary judgment on Appellants' fraud claim was improper.

## III. The Court Erred in Granting Summary Judgment on Appellants' Conspiracy Claim.

**¶16** It is the party moving for summary judgment who bears the "burden of persuasion[,]" and we will affirm summary judgment only if we find undisputed admissible evidence showing Henderson was entitled to judgment. *Wells Fargo Bank, N.A. v. Allen*, 231 Ariz. 209, 213, ¶ 17 (App. 2012).

**¶17** There is no such evidence here; indeed, Henderson's motion offered no evidence at all to refute Appellants' conspiracy allegations. The only evidence relevant to this claim in the record is Henderson's affidavit, filed with his reply, in which he deemed the conspiracy allegations "preposterous." These denials, offered for the first time in reply, do not by themselves entitle Henderson to summary judgment. *See Comerica Bank v. Mahmoodi*, 224 Ariz. 289, 293, ¶ 20 (App. 2010) ("[A] plaintiff may only obtain summary judgment if it submits undisputed admissible evidence that would compel any reasonable juror to find in its favor on every element of its claim"); *cf. Sitton v. Deutsche Bank Nat. Tr. Co.*, 233 Ariz. 215, 220, ¶ 26 (App. 2013) (finding no abuse of discretion in superior court's consideration of declaration submitted in reply, but only because the nonmoving party suffered no prejudice). Moreover, the *sua sponte* conversion of Henderson's motion to dismiss to a motion for summary judgment precluded Appellants

from properly providing evidence in response to Henderson's motion. On this record, the grant of summary judgment cannot stand.

## IV. Summary Judgment Was Warranted on Appellants' Request for a Constructive Trust.

**¶18** Finally, Appellants challenge the superior court's ruling on their request for a constructive trust over "the $3,500 by which Henderson failed to pay fair market value for a Trust asset." A constructive trust is a remedy, not a separate claim. *Cal X-Tra v. W.V.S.V. Holdings, L.L.C.*, 229 Ariz. 377, 409, ¶ 108 (App. 2012). Moreover, a general claim for money damages cannot give rise to a constructive trust. *Burch & Cracchiolo, P.A. v. Pugliani*, 144 Ariz. 281, 286 (1985). We, therefore, affirm the superior court's ruling as to this claim.[4] *See Hill v. Safford Unified Sch. Dist.*, 191 Ariz. 110, 112 (App. 1997) (stating that the Court of Appeals may affirm a summary judgment ruling "if it is correct for any reason, even if that reason was not considered by the trial court.").

## V. Attorneys' Fees and Costs on Appeal

**¶19** Appellants request their attorneys' fees incurred in this appeal pursuant to A.R.S. § 12-341.01(A), but do not show how their claims arose out of contract. We, therefore, decline to award fees. *In re Matter of Wilcox Revocable Tr.*, 192 Ariz. 337, 341, ¶ 21 (App. 1998). Appellants succeeded in the majority of their claims in opposition to summary judgment, and as the prevailing party on appeal, they may recover costs incurred in this appeal upon compliance with ARCAP 21. *See Henry v. Cook*, 189 Ariz. 42, 43 (App. 1996) ("[A] party who succeeds on less than all claims is sufficiently successful to recover costs under the statute.").

## CONCLUSION

**¶20** We reverse and remand for further proceedings on Appellants' breach of fiduciary duty, fraud, and conspiracy claims, but affirm as to Appellants' constructive trust claim. Because we vacate the majority of the superior court's dismissal of claims by summary judgment,

---

[4] Henderson also argues that claim preclusion bars Appellants' claims. Henderson did not raise claim preclusion in briefing before the superior court; we will not consider it for the first time on appeal. *See Sobol v. Marsh*, 212 Ariz. 301, 303 n.4, ¶ 6 (App. 2006) ("[A]bsent exceptional circumstances, we will not consider arguments raised for the first time on appeal.").

we also vacate the superior court's attorneys' fees and costs awards to Henderson.



AMY M. WOOD • Clerk of the Court
FILED:  AA