NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

*In re the Marriage of:*

ERIC JEROME RIDLEY, *Petitioner/Appellant*,

*v.*

CLAUDIA PATRICIA RIDLEY, *Respondent/Appellee*.

No. 1 CA-CV 17-0521 FC
FILED 10-11-2018

---

Appeal from the Superior Court in Mohave County
No. L8015DO201507414
The Honorable Steven C. Moss, Judge

**AFFIRMED**

---

COUNSEL

Knochel Law Offices, Bullhead City
By Keith S. Knochel, Aline Kara Knochel, Nicholas Darus
*Counsel for Petitioner/Appellant*

Claudia Patricia Ridley, Sunny Isles Beach, FL
*Respondent/Appellee*

_____

**MEMORANDUM DECISION**

Judge Kent E. Cattani delivered the decision of the Court, in which Judge Lawrence F. Winthrop joined. Presiding Judge James B. Morse Jr. concurs in part and dissents in part.

_____

**C A T T A N I**, Judge:

¶1             This is a divorce proceeding in which Eric Ridley ("Husband") appeals from (1) the superior court's determination that a house in his name was a community asset and (2) the division of education debt incurred by Claudia Ridley ("Wife") during the marriage. For reasons that follow, we affirm.

## FACTS AND PROCEDURAL BACKGROUND

¶2             The parties married in August 2000 in Colombia, Wife's home country. They returned to the United States, and in 2003, purchased a house in Lake Havasu City. Before the purchase, Wife executed a disclaimer deed renouncing any interest in the house and acknowledging that the house would be Husband's sole and separate property.

¶3             During the marriage, Wife pursued and obtained a bachelor's degree in humanities and a master's degree in English as a second language. She worked various jobs while attending school, and she incurred approximately $68,000 in student loan debt. Husband paid the mortgage and other expenses for the house with his income earned during the marriage.

¶4             The parties separated in 2012, and Husband petitioned for divorce in 2015. At trial, the parties disputed several issues, including whether the house was Husband's separate property based on the disclaimer deed and whether Wife's student loan debt should be a community debt. The superior court found Wife to be more credible regarding the circumstances underlying the disclaimer deed, and concluded that Husband failed to prove by clear and convincing evidence that the house was his separate property. The court also found that the student loans were a community debt because Wife's education benefited the community, and the court thus divided the debt equally between the parties.

**¶5**　　　　Husband timely appealed, and we have jurisdiction under Arizona Revised Statutes ("A.R.S.") § 12-2101(A)(1).

## DISCUSSION

**¶6**　　　　We view the evidence in the light most favorable to upholding the decree, *In re Marriage of Foster*, 240 Ariz. 99, 100, ¶ 2 (App. 2016), and we defer to the superior court's determination of witness credibility. *Gutierrez v. Gutierrez*, 193 Ariz. 343, 347, ¶ 13 (App. 1998). We will uphold the superior court's factual findings unless they are clearly erroneous or unsupported by any credible evidence, but we review de novo the court's legal conclusions, including its characterization of property as separate or community. *Bell-Kilbourn v. Bell-Kilbourn*, 216 Ariz. 521, 523, ¶ 4 (App. 2007).

## I.　　Characterizing the House as Community Property.

**¶7**　　　　Husband first contends that the superior court erred by determining that the house was a community property asset even though Wife signed a disclaimer deed. Because property acquired during marriage is presumed to be community property, a spouse seeking to rebut that presumption has the burden of establishing the separate character of the property by clear and convincing evidence. *Schickner v. Schickner*, 237 Ariz. 194, 199, ¶ 22 (App. 2015); *see also* A.R.S. § 25-211(A). A signed disclaimer deed rebuts the community-property presumption and is a binding contract that must be enforced, absent fraud or mistake. *Bell-Kilbourn*, 216 Ariz. at 523–24, ¶¶ 7, 11. The party attempting to nullify such a deed must prove by clear and convincing evidence that the deed is the result of fraud or mistake. *Powers v. Guaranty RV, Inc.*, 229 Ariz. 555, 562, ¶ 27 (App. 2012).

**¶8**　　　　Husband argues that the court incorrectly shifted the burden for proving the character of the property, and that, even if the court correctly applied the burden, there was insufficient evidence to support a finding that the disclaimer deed was fraudulently induced. With regard to the court's burden shifting, by submitting the signed disclaimer deed at trial, Husband rebutted the presumption that the house was community property. *See Bell-Kilbourn*, 216 Ariz. at 523–24, ¶¶ 7, 11. But Wife challenged the enforceability of the disclaimer deed, arguing that it was the result of fraud. In its dissolution decree, the court considered several facts underlying Wife's assertion that Husband misled her regarding the purpose of the deed, and concluded as follows:

> The Court finds Wife more credible on the issue whether she understood the disclaimer. The Court further finds that

> Husband has failed to prove by clear and convincing evidence that the parties intended the property to be the sole and separate property of Husband at the time the property was acquired.

**¶9**        The superior court's legal analysis implicitly finds that Wife met her burden of proving that the deed was the result of fraud and, as a result, that the burden of proving that the house was not community property returned to Husband. *See Hart v. Hart*, 220 Ariz. 183, 188, ¶ 18 (App. 2009) (noting that the superior court is presumed to apply the correct legal standard unless the record clearly shows otherwise). There is no dispute that Husband had the initial burden to rebut the community-property presumption by proving—by clear and convincing evidence—that the house was separate property. *See* A.R.S. § 25-211(A). Nor is there any dispute that the disclaimer deed—if valid—would rebut that presumption. *See Bell-Kilbourn*, 216 Ariz. at 523, ¶ 7. Although the court did not expressly state that Wife met her burden to prove by clear and convincing evidence that the deed was procured by fraud, the court expressly found credible Wife's testimony that Husband misled her. Thus a finding of fraud is implicit in the court's ruling. Because a disclaimer deed procured by fraud is invalid, *see id.*, the deed was not sufficient to rebut the community property presumption. In this context, the court's ultimate conclusion did not improperly put the burden on Husband to prove the disclaimer deed valid, but rather reflected that in light of the invalid deed, Husband had failed to meet his burden to rebut the community-property presumption. Accordingly, although the superior court could have inserted additional verbiage detailing how Wife met her burden to show that the deed was obtained as a result of fraud, the court's ultimate holding that "Husband has failed to prove by clear and convincing evidence that the parties intended the property to be [his] sole and separate property" does not reflect that the court applied an incorrect standard. [1]

---

[1]      Our dissenting colleague urges a remand to the superior court on the basis that the court imposed an incorrect burden on Husband and never found fraud explicitly or implicitly. But even assuming the court's ruling should have spelled out the burden that was applied to Wife's claim that Husband fraudulently induced her to sign the disclaimer deed, given the court's express finding that Wife was more credible than Husband regarding that issue, a remand would undoubtedly lead to the same result and would thus violate Rule 86 of the Arizona Rules of Family Law Procedure (providing that no error or defect in any ruling is ground for

¶10    The court's implicit finding of fraud is supported by the record.  A person may commit fraud by concealing a material fact when there is a duty to disclose such a fact.  *Powers,* 229 Ariz. at 562, ¶ 27.  Here, Wife testified that in 2003, having moved to the United States from Colombia three years earlier, she did not speak English well, and that Husband falsely explained to her in Spanish that the disclaimer deed was required to obtain financing:

> Q.    Did you intend to waive or give up any share of the house that you two as a married couple lived in?
>
> A.    No.  I didn't know -- I didn't think it was like that.  It was just for getting -- just for getting because we needed to get the house.  I didn't see it in that way.
>
> ***
>
> Q.    So, Ms. Ridley, did you know what you were signing?
>
> A.    Not sure.  I didn't know much English back at the time, so I believed him.  I trusted him.  Why would he take something from me? It was our house.  We're a family.  We're a marriage.  Why would he take something back from me?

Wife further explained that she was surprised to learn the consequences of signing the disclaimer deed:

> Q.    All right.  So, Ms. Ridley, do you feel that Mr. Ridley was truthful with you about signing the disclaimer deed?
>
> A.    Now, no.  When he asked me to sign it, it was something good for the family, but now that I learning about this, I'm surprised.

¶11    Husband suggests that Wife's testimony—without more—does not amount to clear and convincing evidence of fraud, but he offers no persuasive authority to support this suggestion.  *See Yano v. Yano*, 144 Ariz. 382, 384 (App. 1985) ("[I]t is the trial court and not this court that draws the distinction between evidence which is clear and convincing and evidence which merely preponderates.").  And, although Husband asserted that

---

vacating the ruling unless refusal to take such action appears to be inconsistent with substantial justice).

Wife's English was "good" and the escrow officer at the title company explained the disclaimer deed "in detail," Husband also testified:

> My mother let us borrow some money to secure the loan, and it was one of my mother's demands that Mrs. Ridley sign a Disclaimer Deed, because my mother always had -- I guess you could say always had doubts about the marriage and she just wanted to make sure that her interest and my interest were -- were okay, so that's why. So, basically, that securing the home was dependent on the Disclaimer Deed, so that was a big part of it.

Accordingly, there was evidence from which the court could find that Husband misled Wife regarding the deed.

¶12 Moreover, Husband acknowledged that he used income earned during the marriage to pay for the house, which is consistent with an understanding by the parties that the property was a community asset. And even if the disclaimer deed were deemed to be valid, Wife would be entitled to share in the house's equity to whatever extent community funds were expended to purchase the house, or to maintain, repair, or improve it. *See Bell-Kilbourn*, 216 Ariz. at 524, ¶ 12.

¶13 The decree shows that the court considered Husband and Wife's conflicting accounts, and found "Wife more credible on the issue whether she understood the disclaimer." *See Gutierrez*, 193 Ariz. at 347, ¶ 13. Because sufficient evidence supported this conclusion, we affirm the court's determination that the Lake Havasu City house was a community property asset.

## II. Dividing Wife's Education Debt.

¶14 Husband next contends the division of Wife's education debt was inequitable because the community received no benefit from Wife's education. We review the division of community debt for an abuse of discretion. *In re Marriage of Flower*, 223 Ariz. 531, 535, ¶ 14 (App. 2010). The superior court must make an equitable division of the assets and debts between the parties. *Birt v. Birt*, 208 Ariz. 546, 552, ¶ 25 (App. 2004). "'Equitable' means just that—it is a concept of fairness dependent upon the facts of particular cases." *Toth v. Toth*, 190 Ariz. 218, 221 (1997).

¶15 Here, Wife testified that the student loan debt was incurred during the marriage to finance an education that Husband demanded as a prerequisite to starting a family. Husband did not contest that he imposed

such a requirement, and he did not suggest that his career or educational goals were affected by Wife's time in college. *See Pyeatte v. Pyeatte*, 135 Ariz. 346, 357 (App. 1982) (holding that a spouse who works to allow the other spouse to obtain a degree may be entitled to restitution if the parties later divorce). Moreover, Wife worked throughout the marriage, and the community benefited, however briefly, from her increased earning potential during the time between her graduation and the divorce.

¶16 Additionally, although Husband argues that Wife inappropriately spent student loan money on international trips and plastic surgery, the record supports the court's finding that the loans were intermingled with other community funds and were primarily used for education expenses. The record further supports the court's conclusion that "there is no indication that any additional expenses, were extravagant or failed to benefit the community." Accordingly, Husband did not make the required prima facie showing of waste, and the court did not err by ordering Husband to pay half of Wife's education debt. *See* A.R.S. § 25-318(C); *Helland v. Helland*, 236 Ariz. 197, 201, ¶ 17 (App. 2014).

**CONCLUSION**

¶17 For the foregoing reasons, we affirm. We award costs to Wife upon compliance with ARCAP 21.

**M O R S E**, Judge, concurring in part and dissenting in part:

¶18 I join Part II of the majority's decision regarding the division of education debt, but respectfully dissent from Part I of the majority's decision regarding the house because the superior court applied the burden of proof to the wrong party and never found fraud, explicitly or implicitly.

¶19 The majority is correct that a disclaimer deed rebuts the community-property presumption and is enforceable absent fraud or mistake. *See supra* ¶ 7 (citing *Bell-Kilbourn*, 216 Ariz. at 523-24, ¶¶ 7, 11). The majority is also correct that the party challenging a disclaimer deed bears the burden of proof, by clear and convincing evidence, that the deed is invalid due to fraud or mistake. *See id.* (citing *Powers*, 229 Ariz. at 562, ¶ 27). The majority errs, however, in concluding that the superior court correctly applied these legal principles.

**¶20**         As recounted in the majority decision, *supra* ¶ 8, the superior court never explicitly applied the correct legal standard and, instead, made the following finding:

> The Court further finds that Husband has failed to prove by clear and convincing evidence that the parties intended the property to be the sole and separate property of Husband at the time the property was acquired.

Thus, rather than noting that the disclaimer deed rebuts the community-property presumption and then evaluating whether Wife had met her burden to demonstrate fraud, the superior court did the opposite.

**¶21**         The majority interprets the superior court's finding that Husband "failed to prove by clear and convincing evidence" to be an "implicit" finding that "Wife met her burden of proving that the deed was the result of fraud . . . ." *Supra* ¶ 9. The majority cites to the principle that we should presume that the superior court has applied the correct legal standard. *See id.* (citing *Hart*, 220 Ariz. at 188, ¶ 18). However, that presumption does not apply in cases like this where "the language in the order makes it clear that the family court applied an incorrect standard." *Hart*, 220 Ariz. at 188, ¶¶ 18-19 (vacating family court order and remanding "for application of the proper standard to the facts here"); *see also Fisher v. Maricopa Cty. Stadium Dist.*, 185 Ariz. 116, 122 (App. 1995) (reversing decision below where the superior court assigned burden of proof to wrong party).

**¶22**         The majority further argues that because the superior court "implicitly" found that the disclaimer deed was "invalid," it did not err in solely referencing the Husband's burden of proof to overcome the community-property presumption. *Supra* ¶ 9. This argument ignores the disclaimer deed and misstates the law: "When the recitals in the deed indicate the proper exercise of the powers granted, in the manner required by the law, it is held to be prima facie valid. It is not necessary that it be sufficient to withstand all evidence brought against it to show that it is bad, but it must appear to be good upon its face." *Silver Queen Min. Co. v. Crocker*, 8 Ariz. 397, 401 (1904).[2] Thus, once Husband submitted a facially valid

---

[2]         *See also Corn v. Branche*, 74 Ariz. 356, 358 (1952) ("In the absence of clear and convincing evidence to support the plaintiff's allegation of mistake, this court will not trifle with or cause to be reformed a duly executed and valid deed."); *Stewart v. Woodruff*, 19 Ariz. App. 190, 194 (1973)

disclaimer deed, he had met his burden to overcome the community-property presumption. *See Bell-Kilbourn*, 216 Ariz. at 524, ¶ 11 ("By introducing evidence of the disclaimer deed, Wife rebutted the presumption that the house was a community asset . . . ."). At that point, the burden was squarely on Wife to plead with particularity and prove by clear and convincing evidence all of the elements of fraud as a defense to the disclaimer deed. *Spudnuts, Inc. v. Lane*, 131 Ariz. 424, 425 (App. 1982) (noting that the standard "is the same whether fraud is claimed as a basis of an action for damages or as a defense") (citing *Wilson v. Byrd*, 79 Ariz. 302, 306-07 (1955) ("If the allegation and proof of fraud was insufficient as a counterclaim it was also insufficient as a defense . . . .")).

**¶23** Nothing in the record supports the majority's conclusion that the elements of fraud were pled or proven by clear and convincing evidence. To establish fraud, Wife had to prove that (i) Husband made a false and material representation, (ii) Husband knew that the representation was false, (iii) Husband intended that Wife would act upon the representation, (iv) Wife reasonably relied upon the representation, and (v) Wife suffered damages. *Dawson v. Withycombe*, 216 Ariz. 84, 96, ¶ 26 (App. 2007).[3] Because the superior court never made a finding of fraud, nor explained what clear and convincing evidence was adduced to support such a finding, the majority attempts to fill in the gaps in the superior court's decision. At paragraphs 9-13, *supra*, the majority parses the record for evidence to support a decision that the superior court never made.[4] The

---

(applying same clear and convincing evidence standard for challenges to a deed based on mental incapacity).

[3]     The record also suggests that Wife failed to properly plead fraud. Nowhere in her initial response to the petition for dissolution, her amended response after obtaining counsel, nor any of the other pretrial filings contained in the record on appeal does Wife allege fraud as a defense to the disclaimer deed. There are a handful of instances during her trial testimony in which her counsel claimed "fraud" in connection with the disclaimer deed, but the record does not show that this defense was properly raised in advance of trial.

[4]     In paragraph 12, *supra*, the majority cites *Bell-Kilbourn* and states that "Wife was entitled to share in the house's equity to whatever extent community funds were expended" on the house. This is accurate, but a separate inquiry from whether the house is community property or separate property. As stated in *Bell-Kilbourn*, the correct approach is not to

majority points to the superior court's finding that Wife was "more credible on the issue of whether she understood the disclaimer" as support for an implicit finding that the disclaimer deed was secured by fraud, *supra* ¶¶ 9, 13, but whether a person subjectively "understood" an instrument is not an element, much less conclusive proof, of fraud.

**¶24**        As a necessary falsehood by Husband to establish fraud, the majority relies on what it describes as Husband's "false[]" claim "that the disclaimer deed was required to obtain financing." *Id.* at ¶ 10.  The majority identifies this claim as "support[]" for a finding that Husband "misled" the wife regarding the deed.  *Id.* at ¶ 11.  However, by doing so, the majority contradicts the express findings of the superior court.  The superior court noted that Husband "testified that his mother loaned them some of the money to buy the house and his mother wanted the disclaimer as a condition of the loan," and found that the link between the disclaimer deed and financing was undisputed by Wife:

> Both parties agree that the disclaimer was a requirement of financing the home.  Wife indicated that it was to obtain better financing and Husband indicated it was required by his mother.

Because the superior court found that the disclaimer deed was accurately linked to financing the house, the majority errs in substituting its judgment for that of the superior court. *See Gutierrez*, 193 Ariz. at 347, ¶ 13 ("We will defer to the trial court's determination of witnesses' credibility and the weight to give conflicting evidence.").  More importantly, this exercise demonstrates the futility in trying to determine which statements the superior court may have found to be materially false, in order to extract support from the record for findings that were not made by the superior court.[5]

---

disregard the disclaimer deed, but to "remand for the family court to award the house to [Husband] as [his] separate property and to calculate the value of the community's expenditures on the house at the time of dissolution and then make a property distribution award that is fair and equitable under the circumstances." 216 Ariz. at 524, ¶ 12.

[5]        The majority also suggests that Rule 86 of the Arizona Rules of Family Law Procedure suggests that we should affirm because "a remand would undoubtedly lead to the same result . . . ." *Supra* ¶ 9, n.1.  This

**¶25** Because the record conclusively demonstrates that the superior court did not apply the correct presumption or burden, I respectfully dissent. Instead, I would vacate the order of the superior court with respect to division of the house, and remand "for application of the proper standard to the facts here." *Hart*, 220 Ariz. at 188, ¶ 19.



AMY M. WOOD • Clerk of the Court
FILED: AA

---

suggestion is inconsistent with cases where we remand to the factfinder for the application of the correct burden of proof, *e.g.*, *Hart*, 220 Ariz. at 188, ¶¶ 18-19, and ignores the importance of burdens of proof in guiding the factfinder in the first instance, *e.g.*, *American Pepper Supply Co. v. Federal Ins. Co.*, 208 Ariz. 307, 311, ¶ 21 (2004) (noting that a party is prejudiced by the application of an incorrect burden of proof and remanding for a new trial).